GOLDING ET AL., APPELLANTS, *v.* THE OHIO NATIONAL BANK OF COLUMBUS, EXR., ET AL., APPELLEES.

(No. 6850—Decided March 27, 1962.)

*Messrs. Buchanan, Peltier & Fuller*, for appellants.

*Mr. Fred M. Campbell* and *Mr. John Carnahan*, for appellees.

DONAHUE, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas on a petition filed therein to contest the will of decedent.

The will was admitted to probate in the Probate Court.

The petition states that the next of kin were not mentioned in the will which left everything to a couple friends of decedent.

The petition says further that the will was not the last will and testament of decedent.

The prayer asks that the will be set aside for these reasons.

The first allegation, that kinfolk were left out and mere friends included, is not, in and of itself, any reason at all for setting a will aside. This court feels that no citations on that proposition are necessary.

No evidence whatever appears in the record to show that decedent was so deprived of his faculties that he knew not who his kinfolk were, or that he had been unduly influenced by anybody, or that the exclusion of kin and inclusion of friends was not the sane, considered act of decedent.

As to the second allegation, no evidence appears that any other will exists or ever existed. The only evidence in any way tending to show that the signature on the will was not

genuine was the brother's testimony that he knew decedent's signature, and that "No, it don't look to me like it is" (the brother's signature). This is certainly weak evidence, especial-'y in view of other definite testimony that the signature was genuine. The witnesses on the will were not presented.

In line with the above, we find that the first assignment of error has no substance. Appellants' brief says that "a reading of the bill of exceptions will show the instances in which proper questions addressed to witnesses, were not allowed to be answered by the court." Appellants thus cast upon this court the burden of culling through the record to support their claims. They point out no specific instance where they claim to have been prejudiced. A careful reading of the record fails to reveal any question, of the multitude to which objections were sustained, where prejudice to appellants resulted.

On the second assignment of error, the burden rested on appellant to prove that the disposition of property, unnatural or not, was the result of undue influence. The disposition itself is not sufficient to even tend to "show circumstances of undue influence."

On the third assignment of error, appellant seems to feel that the statutes order a jury decision on a will contest, regardless of what the evidence shows or fails to show. In this case there is no evidence to support a judgment for appellants. In that situation, a court is always justified in directing a verdict.

*Judgment affirmed.*

COLLIER, P. J., and BROWN, J., concur.

COLLIER and BROWN, JJ., of the Fourth Appellate District, and DONAHUE, J., of the Seventh Appellate District, sitting by designation in the Tenth Appellate District.