OPINION
{¶ 1} Delbert Kidwell and his siblings, Joyce Root and Robert Kidwell (hereinafter, "the Kidwells") appeal from a judgment of the Montgomery County Court of Common Pleas, *Page 2 
Probate Division, which found no merit in the Kidwells' complaint contesting the will of their stepmother, Beulah Kidwell ("Beulah").
 {¶ 2} Beulah died on July 10, 2004. Her sister, Daisey, predeceased her. She was survived by Daisey's daugther, Jewell Pitts; Daisey's granddaughter, Patricia Pitts; and her three stepchildren, the Kidwells.
 {¶ 3} Beulah had executed several wills in her lifetime, most recently in July 1998. In the July 1998 will, Beulah left her entire estate to Daisey or, in the alternative, to Jewell and Patricia Pitts.
 {¶ 4} After Beulah's death, the July 1998 will was admitted to probate. The Kidwells filed a complaint contesting the will in which they asserted that an earlier will, of which they were the beneficiaries, was the "true last will and testament." The trial court found, however, that the Kidwells had failed to establish that the July 1998 will had been executed under undue influence, as they had claimed, and the court found that the July 1998 will was valid. The Kidwells appeal from this decision. The Kidwells do not present an assignment of error in their brief. We glean from their discussion that their argument on appeal is that the probate court erred in not finding that the July 1998 will was the product of undue influence.
 {¶ 5} A brief review of Beulah's actions related to her estate will be helpful to our discussion.
 {¶ 6} Beulah married the Kidwells' father in 1948 when the children were young. He died in 1976. Shortly thereafter, Beulah executed her first will, which left all of her assets to her sister, Daisey. No alternate beneficiary was named in that will.
 {¶ 7} In the mid-to late-1990s, Beulah began to need help with some of her affairs, *Page 3 
such as bill paying. Jewell, Patricia, and Patricia's sister-in-law cared for Beulah in her home until 2001, when she moved to an assisted living facility. Robert Kidwell also helped with errands and home maintenance.
 {¶ 8} In 1997, Beulah executed a heath care power of attorney and a durable power of attorney naming Jewell as her attorney in fact. On May 4, 1998, Beulah executed a new will, which left a life estate to her sister Daisey and named her stepchildren as the residual beneficiaries. The circumstances surrounding the execution of this will are disputed, but Robert Kidwell made the arrangements without involvement from Jewell or Patricia. When Jewell and Patricia discussed this with Beulah shortly thereafter, she apparently denied making a will or expressed a desire to change it. Thus, on May 7, 1998, Beulah revoked the May 4 will and executed a new one. This will left an automobile to Robert Kidwell and left the rest of Beulah's estate to Daisey. Jewell was named as an alternate residual beneficiary. On July 20, 1998, Beulah executed yet another will which named Daisey as her primary beneficiary and Jewell and Patricia as her alternate beneficiaries. This is the will that was admitted to probate.
 {¶ 9} The Kidwells asserted in their complaint that the May 4, 1998 will was the "true will." Although the complaint does not specifically allege undue influence in the execution of the subsequent wills, the Kidwells suggested undue influence at the hearing.
 {¶ 10} The elements of undue influence are: 1) a susceptible party; 2) another's opportunity to influence the susceptible party; 3) the actual or attempted imposition of improper influence; and 4) a result showing the effect of the improper influence. Ingle v. Ingle, Greene App. No. 2005 CA 110, 2006-Ohio-3749, ¶ 51, citing West v. Henry (1962),173 Ohio St. 498, 501, 184 N.E.2d 200. "The mere existence of undue influence or an opportunity to *Page 4 
exercise it, although coupled with an interest or motive to do so, is not sufficient to invalidate a will; such influence must actually be exerted on the mind of the testator with respect to the execution of the will and, in order to invalidate the will, it must be shown that the undue influence resulted in the making of testamentary dispositions which the testator would not otherwise have made." Buckingham v.Middlestetter (Mar. 22, 1993), Montgomery App. No. 13575.
 {¶ 11} The Kidwells' evidence did not support their claim of undue influence, and the trial court properly rejected it. Reynold Hoefflin, an experienced attorney who drafted Beulah's May 7, 1998 and July 20, 1998 wills, testified that Beulah had known the extent of her property and to whom she wished to leave it when the wills were drafted. He also stated that he did not believe that Beulah had been under any undue influence at the time and that he would not have drafted a will for her if he had had such suspicions. All of Beulah's wills included her sister as a primary beneficiary.
 {¶ 12} The Kidwells presented evidence about personalities and the observations of a "nosey" neighbor. They did not demonstrate that the testamentary intent demonstrated in the July 1998 will was inconsistent with previous wills, which had focused on Daisey as Beulah's primary beneficiary. At most, the Kidwells' evidence established that there had been an opportunity for undue influence, not that such influence had actually been exerted. Thus, the Kidwells failed to show undue *Page 5 
influence by a preponderance of the evidence.[1]
 {¶ 13} The Kidwells' argument is without merit.
 {¶ 14} The judgment of the trial court will be affirmed.
BROGAN, J. and GRADY, J., concur.
[1] We note that the trial court referred to the need for clear and convincing evidence. One is required to show undue influence only by a preponderance of the evidence. However, because neither standard was met, the trial court's error was harmless. See Bustinduy v.Bustinduy (Dec. 18, 1998), Champaign App. No. 98-CA-21, citingGolding v. Ohio Nat'l Bank (1962), 115 Ohio App. 465, 185 N.E.2d 577;Crowe v. Wagner, Montgomery App. No. 20151, 2004-Ohio-5769. *Page 1