[Cite as *Crawford v. Stan*, 2012-Ohio-3624.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HOWARD R. CRAWFORD | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | Case No. 2011CA00197 |
| TERRY M. STAN | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Canton Municipal Court,
                                  Case No. 2011CVI3621



JUDGMENT:                         AFFIRMED



DATE OF JUDGMENT ENTRY:           August 6, 2012



APPEARANCES:

For Appellant:                         For Appellee:

HOWARD R. CRAWFORD, PRO SE             MICHAEL P. ZIRPOLO
9981 E. Lincoln Way                    Suite 206 Belden Village Tower
Orrville, OH 44667                     4450 Belden Village St., NW
                                       Canton, OH 44718



*Delaney, P.J.*

{¶1} Plaintiff-Appellant Howard R. Crawford appeals the August 12, 2011 judgment entry of the Canton Municipal Court. Defendant-Appellee is Terry M. Stan.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Defendant-Appellee Terry M. Stan ("Seller") purchased a 2003 Chevy Blazer on July 11, 2009 from Bobs Auto Sales. The vehicle had 52,364 miles on it and Seller paid $7,346.70 to purchase the vehicle. The vehicle's buyers order contains the following language: "VEHICLE SOLD AS IT. NO WARRANTY. IT HAS BEEN FULLY DISCLOSED TO TERRY M. STAN THAT THE 2003 S10 BLAZER STK.# 9870 WAS A MANUFACTURER BUY BACK." The note is followed by the signature of Seller.

{¶3} R.C. 1345.71(G) defines a "buyback" motor vehicle as follows:

"Buyback" means a motor vehicle that has been replaced or repurchased by a manufacturer as the result of a court judgment, a determination of an informal dispute settlement mechanism, or a settlement agreed to by a consumer regardless of whether it is in the context of a court, an informal dispute settlement mechanism, or otherwise, in this or any other state, in which the consumer has asserted that the motor vehicle does not conform to the warranty, has presented documentation to establish that a nonconformity exists pursuant to section 1345.72 or 1345.73 of the Revised Code, and has requested replacement or repurchase of the vehicle.

{¶4} Seller testified he learned the buyback occurred in August 2004 because the original purchaser encountered difficulties with the brakes and a leak in the driver's

side door. The manufacturer took the vehicle back, repaired the defects, and resold the vehicle. The vehicle had 7,854 miles at the time it was taken back by the manufacturer. Since purchasing the vehicle, Seller testified the vehicle had no major repairs.

{¶5} R.C. 1345.76(C) states that a buyback vehicle may not be resold unless the manufacturer obtains a new certificate of title for the vehicle, which designates the vehicle as a buyback. The clerk shall issue a buyback certificate of title for the vehicle on a form, prescribed by the registrar of motor vehicles, that bears or is stamped on its face with the words, "BUYBACK: This vehicle was returned to the manufacturer because it may not have conformed to its warranty" in black boldface letters in an appropriate location as determined by the registrar. *Id.* "Every subsequent certificate of title, memorandum certificate of title, or duplicate copy of a certificate of title or memorandum certificate of title issued for the buyback also shall bear or be stamped on its face with the words 'BUYBACK: This vehicle was returned to the manufacturer because it may not have conformed to its warranty.' in black boldface letters in the appropriate location." *Id.*

{¶6} The Stark County Clerk of Courts issued a Certificate of Title for the vehicle on July 15, 2009. The Certificate of Title does not contain any language that the vehicle was a buyback vehicle.

{¶7} In 2011, Seller listed the vehicle for sale on Craig's List. Plaintiff-Appellant Howard R. Crawford ("Buyer") saw the advertisement and contacted Seller about the vehicle. Seller did not tell Buyer the vehicle was a buyback vehicle and Buyer did not ask. Buyer asked Seller questions about the repair history vehicle, but

Buyer did not do any prior independent research on the vehicle, such as obtaining a Carfax report. Buyer took the vehicle for a test drive. After the test drive, Buyer offered $7,000.00 cash to purchase the vehicle and Seller accepted. The transaction between the parties lasted 45 minutes. On May 16, 2011, the parties entered into a Bill of Sale that stated, "SALE IS FINAL AND CONDITION IS 'AS IS.'"

{¶8} Shortly after purchasing the vehicle, Buyer was looking in the glove compartment and found documentation stating the vehicle was a buyback vehicle. Buyer contacted the Seller and demanded Seller refund half of the purchase price. Seller refused based on the "as is" language of the Bill of Sale.

{¶9} Buyer filed a Smalls Claims Complaint with the Canton Municipal Court on May 27, 2011. Buyer alleged Seller engaged in consumer fraud in the purchase of the vehicle and demanded $3,000 in damages.

{¶10} The matter went to trial before the magistrate. At trial, Buyer testified and presented evidence, including a Carfax report that listed the vehicle as a buyback vehicle. (Plaintiff's Exhibit 5.) Seller testified and presented one witness. On June 29, 2011, the magistrate concluded Buyer failed to establish Seller engaged in fraud in the transaction, Buyer failed to establish he had suffered damages, and therefore recommended the complaint be dismissed.

{¶11} Buyer filed objections to the magistrate's recommendation. Seller did not file a response.

{¶12} On August 12, 2011, the trial court overruled Buyer's objections and adopted the recommendation of the magistrate. The trial court found Seller had no

duty to disclose the buyback status of the vehicle to Buyer based on the business transaction between two private parties and the "as is" language in the Bill of Sale.

{¶13} It is from this decision Buyer now appeals.

## ASSIGNMENTS OF ERROR

{¶14} Buyer raises two Assignments of Error:

{¶15} "I. THE TRIAL COURT ERRED IN HOLDING THAT THE DEFENDANT DID NOT HAVE A DUTY TO DISCLOSE THAT THE VEHICLE WAS A 'BUYBACK' VEHICLE, JUDGMENT ENTRY P. 5."

{¶16} "II. THE TRIAL COURT ERRED IN HOLDING THAT THERE WAS NO REPRESENTATION MADE IN THIS CASE ABOUT THE BUYBACK STATUS OF THE TRUCK, JUDGMENT ENTRY P. 3."

## ANALYSIS

### *DUTY TO DISCLOSE*

{¶17} Buyer argues in his first Assignment of Error the trial court erred by finding Seller had no duty to disclose the vehicle was a buyback vehicle. We disagree.

{¶18} Buyer's first Assignment of Error raises a question of law as to the duty to disclose. Questions of law are reviewed by the court de novo. *Erie Ins. Co. v. Paradise,* 5th Dist. No. 2008CA00084, 2009-Ohio-4005, ¶ 12.

{¶19} Buyer brought his complaint against Seller arguing Seller engaged in fraud.[1] To prove a common law claim of fraud, a plaintiff must establish the following elements: (1) a representation or, where there is a duty to disclose, concealment of a

---

[1] Buyer did not bring an action pursuant to the Consumer Sales Practices Act, R.C. Chapter 1345, et al.

fact, (2) which is material to the transaction at hand, (2) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *Burr v. Stark County Board of Commissioners*, 23 Ohio St.3d 69, 491 N.E.2d 1101 (1986), paragraph two of the syllabus.

{¶20} The elements of fraud must be established by clear and convincing evidence. Clear and convincing evidence is that measure or degree of proof that will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954). The burden to prove fraud rests upon the party alleging the fraud. *First Discount Corp. v. Daken*, 75 Ohio App. 33, 60 N.E.2d 711 (1st Dist. 1944), paragraph seven of the syllabus.

{¶21} There is no dispute the evidence demonstrates Seller knew the vehicle was a buyback vehicle. During the sale of the vehicle between Buyer and Seller, Seller did not tell Buyer the vehicle was a buyback vehicle nor did Buyer ask about the title status of the vehicle. With this evidence, Buyer does not present this Court with the issue of a misrepresentation by the Seller, but rather this case involves a failure to disclose by the Seller.

{¶22} This Court has held that fraud is committed by a failure to disclose only when the person is under a duty to disclose, and the duty to disclose arises when one party has information that the other party is entitled to know because of a fiduciary or

another similar relation of trust and confidence between them. *Advanced Production Center, Inc. v. EMCO Maier Corp.*, 5th Dist. No. 2003CAE03020, 2003-Ohio-6206, ¶ 14 citing *Fed. Mgt. Co. v. Coopers & Lybrand*, 137 Ohio App.3d 366, 383-384, 738 N.E.2d 842 (10th Dist. 2000). A "fiduciary relationship" is a relationship in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust. *Ed Schory & Sons, Inc. v. Soc. Natl. Bank*, 75 Ohio St.3d 433, 442, 662 N.E.2d 1074 (1996). In business transactions where parties deal at arm's length, each party is presumed to have the opportunity to ascertain relevant facts available to others similarly situated, and therefore, generally neither party has a duty to disclose material information to the other. *Advanced Production Center, Inc., supra*, citing *Blon v. Bank One* (1988), 35 Ohio St.3d 98, 101, 519 N.E.2d 363.

{¶23} In order to demonstrate fraud, Buyer must establish by clear and convincing evidence the elements of fraud. The first element to establish is whether there was a failure to disclose. In this case, Seller did not disclose the buyback status of the vehicle to Buyer. However, the failure to disclose becomes an issue only if there was a duty to disclose based upon a fiduciary relationship between the parties. In this case, there is no evidence that a fiduciary relationship existed between the parties. The undisputed evidence shows the sale of the vehicle was a business transaction where the parties conducted the transaction at arm's length. Accordingly, we agree with the trial court's thoroughly analyzed judgment that Seller did not have a duty to disclose the buyback status of the vehicle to Buyer during the sales transaction of the vehicle.

{¶24} Buyer's first Assignment of Error is overruled.

*EVIDENCE OF MISREPRESENTATION*

{¶25} Buyer argues in his second Assignment of Error the trial court erred in finding that Seller did not misrepresent the history of the vehicle.

{¶26} We determined above that Buyer failed to establish Seller had a duty to disclose the buyback status of the vehicle. Buyer argues in the alternative that the facts establish Seller misrepresented the buyback status of the vehicle. Buyer argues that by Seller telling Buyer during the sales transaction that the vehicle had no problems, Seller misrepresented the status of the vehicle as a buyback vehicle.

{¶27} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base his or her judgment. *Peterson v. Peterson,* 5th Dist. No. CT2003–0049, 2004–Ohio–4714, ¶ 10, citing *Cross Truck v. Jeffries,* 5th Dist. No. CA–5758, 1982 WL 2911 (Feb. 10, 1982).

{¶28} The facts in this case show that before Seller purchased the vehicle, the mechanical problems that caused the vehicle to be bought back by the manufacturer were repaired. Seller purchased the repaired vehicle and did not experience any significant mechanical problems with the vehicle, due to the original problems or otherwise, while Seller owned the vehicle. Seller stated to Buyer he experienced no problems with the vehicle. We find Seller's representations to Buyer as stated within the record before us support the trial court's conclusion that Seller did not make a false representation to Buyer as to the buyback status of the vehicle.

{¶29} Buyer's second Assignment of Error is overruled.

**CONCLUSION**

{¶30} For these reasons, Appellant's first and second Assignments of Error are overruled.

{¶31} The judgment of Canton Municipal Court is affirmed.

By: Delaney, P.J.

Hoffman, J. and

Farmer, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

PAD:kgb

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HOWARD R. CRAWFORD | : | |
| | : | |
| Plaintiff - Appellant | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| -vs- | : | |
| | : | Case No.   2011CA00197 |

TERRY M. STAN                    :
                                 :
   Defendant - Appellee          :
                                 :

   For the reasons stated in our accompanying Opinion on file, the judgment of the

Canton Municipal Court is affirmed.  Costs assessed to Appellant.


                                  _____

                                  HON. PATRICIA A. DELANEY


                                  _____

                                  HON. WILLIAM B. HOFFMAN


                                  _____

                                  HON. SHEILA G. FARMER