[Cite as *Cantleberry v. Holbrook*, 2013-Ohio-2675.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| MARY CANTLEBERRY | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 12CA75 |
| RUSSELL HOLBROOK | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil appeal from the Richland County Court
of Common Pleas, Case No. 2009-CV-1763

JUDGMENT:      Reversed and Remanded


DATE OF JUDGMENT ENTRY:      June 25, 2013

APPEARANCES:

For Plaintiff-Appellant      For Defendant-Appellee

BRIAN CHISNELL      ANDREW KVOCHICK
UAW-GM Legal Services Plan      Weldon, Huston & Keyser
1075 National Parkway      76 N. Mulberry Street
P.O. Box 2668      Mansfield, OH  44902
Mansfield, OH  44906

*Gwin, P.J.*

{¶1} Appellant Mary Cantleberry appeals the March 29, 2012 judgment entry of the Richland County Court of Common Pleas granting appellee's motion to amend pleadings and the July 18, 2012 judgment entry overruling her objections to the Magistrate's decision and adopting the Magistrate's Decision of July 13, 2011.

*Facts & Procedural History*

{¶2} Appellant owns the residence at 892 Expressview Drive in Mansfield and the Lincoln Inn, a bar in Mansfield. Appellee, Russell Holbrook, is a customer of appellant's bar and is employed as a union millwright who primarily works in steel mills and auto plants. Appellant approached appellee at the Lincoln Inn about hiring him to tear off the existing roof and install a new roof on her residence. The parties agreed appellee would tear off two layers of shingles and install a new roof for the total price of $6,000, including materials and labor. Appellant had the funds to pay appellee because she received $8,000 from her insurance company after making an insurance claim for storm damage to the roof. Appellant purchased the roofing materials for approximately $3,200 and agreed to pay appellee the balance of the $6,000 for his labor. Appellee finished the roof in July of 2009. Appellant paid appellee $2,000, but failed to pay him the $800 balance because appellant stated the job was not completed properly. After appellee installed the roof, water began running behind the gutters and down the side of the house into the foundation.

{¶3} Appellant filed a complaint on December 4, 2009, claiming she was entitled to damages from appellee for the improper installation of a metal roof on her home as well as damage to a rubber roof over a porch. She asserted claims for breach

of contract, breach of express warranty, breach of implied warranty, negligence, violation of the Ohio Home Solicitation Sales Act, and violation of the Ohio Consumer Sales Practices Act. Appellee filed an answer to the complaint on December 12, 2009, asserting the affirmative defenses of statute of limitations, laches, estoppel, and the refusal of a reasonable opportunity to cure. Appellee reserved the right to assert further affirmative defenses after reasonable discovery was completed.

{¶4} Prior to the commencement of the trial, the parties stipulated to the following facts: appellant and appellee entered into an oral contract in May of 2009 for the removal of a shingle roof from appellant's house and shed and the installation of a metal roof on both structures; appellant paid $3,200 for the materials and agreed to pay appellee $2,800 for his labor; appellee negligently installed the metal roof; and appellee made one attempt to fix the roof, but did not fix the roof. Appellant dismissed her claims for violations of the Ohio Home Solicitations Sales Act and Ohio Consumer Sales Practices Act. Accordingly, the sole issue at trial was the measure of appellant's damages for the negligent installation of the roof.

{¶5} A bench trial began on December 3, 2010, and Al Gusan, a roofing expert, stated the roof was not properly installed and testified about the cost to replace the roof. The trial continued on May 13, 2011. Troy Cramer, an expert in environmental management, and Joe Zara, a general contractor, testified about the cost for removing and installing a new roof and mold remediation. Appellant testified as to the damage caused from the faulty roof. Appellee argued the roof was already in poor condition and that a minimal repair would have remedied the situation. Appellee testified after his

discussions with the roof manufacturer, he would be able to fix the roof by unfastening the roof materials, sliding them down slightly, and reattaching them.

{¶6} Under direct examination as to his conversation with appellant prior to agreeing to tear off the old roof and install the new roof, appellee testified as follows:

"A: She [appellant] said that some of her shingles had blown off, her insurance company had come out, and they would only pay to replace the front part of her roof."

Q: Okay.

A: So she asked me after the next wind storm if I would go put a tarp up there and make it look like it had come off the back so she could get the insurance company to finish paying for the replacement of her roof."

{¶7} After counsel for appellant objected to the testimony, appellee's counsel stated the testimony was relevant as to the mitigation of damages and appellee's lack of ability to fix the roof. The magistrate allowed the testimony. Appellee testified he did place the tarp over the roof after the next storm. Under cross-examination, appellee testified he knew the portion of the roof he covered with the tarp was not damaged.

{¶8} On July 13, 2011, the magistrate issued his decision, finding the contract between appellant and appellee had been entered into for the purpose of defrauding appellant's insurance company and denied appellant contract damages based on illegality of contract. In lieu of contract damages, the magistrate awarded appellant $2,000 in damages under a quasi-contract theory.

{¶9}   Appellant filed objections to the magistrate's decision on January 17, 2012, arguing the issue of illegality of contract was not properly before the trial court and was deemed waived.  On January 19, 2012, appellee filed a motion to amend pleadings to conform to evidence, requesting the trial court permit him to add the affirmative defense of illegality of contract.  The trial court granted appellee's motion to amend pleadings on March 29, 2012, amending appellee's answer to include the affirmative defense of illegality of contract.  On July 18, 2012, the trial court overruled appellant's objections to the magistrate's decision and adopted the magistrate's decision.

{¶10}  Appellant now raises the following assignments of error on appeal:

{¶11}  "I. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION TO AMEND PLEADINGS TO CONFORM TO THE EVIDENCE UNDER CIVIL RULE 15(B).

{¶12}  "II. THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S OBJECTIONS TO MAGISTRATE'S DECISION OF JULY 13, 2011.

{¶13}  "III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT APPELLEE MET HIS BURDEN OF PROOF ON THE ISSUE OF ILLEGALITY OF CONTRACT."

I. & II.

{¶14}  Appellant argues the trial court abused its discretion in granting appellee's motion to amend pleadings to conform to the evidence and abused its discretion in overruling appellant's objections to the magistrate's decision because the magistrate decided the case on the basis of illegality of contract.  We agree.

**{¶15}** An appellate court will not reverse a trial court's decision on a motion to amend absent an abuse of discretion. *CommunicCare, Inc. v. Wood Cty. Bd. Of Commr.'s*, 161 Ohio App.3d 84, 90, 2005-Ohio-2348, 829 N.E.2d 706 (6th Dist.), citing *Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120, 122, 573 N.E.2d 622 (1991). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶16}** Appellee filed his motion to amend the pleadings to conform to the evidence both after the magistrate issued his opinion and after appellant filed her objections to the magistrate's decision, arguing illegality of contract was not raised as an affirmative defense by appellee. The Ohio Supreme Court stated a Civil Rule 15(B) amendment is impermissible when it would result in substantial prejudice to a party. *State ex rel. Evans v. Bainbridge Twp. Trustees*, 5 Ohio St.3d 41 (1983). We have reservations about the timing of the motion to amend and the granting of the motion after the magistrate's decision was rendered and appellant's objections were filed. However, even if the motion to amend was timely filed and not prejudicial to appellant, we find the trial court erred in granting appellee's motion to amend pursuant to Civil Rule 15(B).

**{¶17}** Civil Rule 15(B) provides, in pertinent part:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings

as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. * * * If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. * * *"

{¶18} As noted by Civ.R. 15(B), amendments to the pleadings may be necessary to conform to the evidence and leave should be freely given to amend pleadings to conform to the evidence. However, there must be at least a prima facie showing by the party filing the motion to amend that the movant can "marshal support for the new matters sought to be pleaded * * *". *Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120, 122 (1991).

{¶19} In this case, we find the trial court erred in granting appellee's motion to conform to the evidence when there was a lack of prima facie evidence presented by appellee of illegality of contract. The only testimony presented by appellee was his own, stating appellant told him the insurance company would only pay to replace the front part of her roof and she asked him to place a tarp on the back part of the roof so she could get the insurance company to finish paying for the replacement roof. While this testimony may raise concerns about appellant's transactions with her insurance company, it does not demonstrate any illegality of the contract between appellant and

appellee to tear off and replace the roof. Appellee stipulated to the fact that he negligently installed a metal roof at appellant's residence. The contract between appellant and appellee was separate from any dealings appellant had with her insurance company. As indicated by the attorney for appellee during the trial, the testimony at issue by appellee was introduced in an effort to show appellee was denied by appellant the reasonable opportunity to correct his work and mitigate damages.

{¶20} Accordingly, we conclude the trial court erred in granting appellee's motion to conform to the evidence when appellee did not present prima facie evidence of the defense of illegality and abused its discretion in overruling appellant's objections to the magistrate's decision because the magistrate decided the case on the basis of illegality of contract. Appellant's first and second assignments of error are sustained.

III.

{¶21} Appellant argues the trial court erred as a matter of law in determining appellee met his burden of proof on the issue of illegality of contract. We agree. A defense alleging illegality of contract is an affirmative defense. *McCabe/Marra Co. v. Dover*, 100 Ohio App.3d 139, 652 N.E.2d 236 (8th Dist. 1995); *Arthur Young & Co. v. Kelly*, 88 Ohio App.3d 343, 623 N.E.2d 1303 (10th Dist. 1993). When challenging a contract's enforceability based on illegality, one does not challenge the terms to the agreement; "[i]n short, asserting that defense does not contest the existence of an offer, acceptance, consideration, and/or a material breach of the terms of the contract." *McCabe/Marra Co.,* 100 Ohio App.3d at 148, 652 N.E.2d at 241. The burden of proving the contract's illegality is upon the party seeking to avoid the obligation *Charles*

*Melbourne & Sons, Inc. v. Jesset,* 110 Ohio App. 502, 505, 163 N.E.2d 773, 775 (8th Dist. 1960).

**{¶22}** In this case, the trial court found the parties entered into a civil conspiracy to defraud the insurance company. The elements of a civil conspiracy are: (1) a malicious combination, (2) involving two or more persons, (3) causing injury to person or property, and (4) the existence of an unlawful act independent from the conspiracy itself. *Ogle v. Hocking Cty.,* 4th Dist. No. 11CA31, 2013-Ohio-597, ¶ 14, citing *Cook v. Kudlacz*, 974 N.E.2d 706, 2012-Ohio-2999 (7th Dist.), quoting *State ex rel. Fatur v. Eastlake*, 11th Dist. No.2009-L-037, 2010-Ohio-1448, ¶ 45. "A civil conspiracy claim is derivative and cannot be maintained absent an underlying tort that is actionable without the conspiracy." *Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, 915 N.E.2d 696, ¶ 40 (10th Dist.).

**{¶23}** Here, the trial court found the unlawful underlying tort to be fraud against the insurance company. A claim for fraud requires proof of the following elements: (1) a representation or, where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 169, 462 N.E.2d 407.

**{¶24}** The elements of fraud must be established by clear and convincing evidence. *Crawford v. Stan*, 5th Dist. No. 2011CA00197, 2012-Ohio-3624. Clear and

convincing evidence is that measure or degree of proof that will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Id.* at 477. If some competent, credible evidence going to all the essential elements of the case supports the trial court's judgment, an appellate court must affirm the judgment and not substitute its judgment for that of the trial court. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). The burden to prove fraud rests upon the party alleging the fraud. *First Discount Corp. v. Daken*, 75 Ohio App. 33, 60 N.E. 2d 171 (1st Dist. 1944), ¶ 7 of syllabus.

{¶25} Upon review, we find appellee failed to present clear and convincing evidence of fraud, failed to meet his burden on the civil conspiracy action, and thus failed to prove illegality of contract. Appellee testified appellant told him the front part of her roof was damaged and that her insurance company would pay to replace that part of the roof. Appellee then stated appellant asked him and he did, after a wind storm, put a tarp on the back portion of the roof. Under cross-examination, appellee testified the portion of the roof he covered with the tarp was not damaged. Appellee subsequently testified about the separate contract between him and appellant for the roof removal and installation and testified that after appellant concluded her dealings with the insurance company, appellee took a check from appellant to tear off and replace her roof.

{¶26} There is no evidence in the record demonstrating the parties constituted a malicious combination or their conduct in negotiating between appellant and appellee to replace the roof resulted in injury to the insurance company. There is no evidence appellee had any dealings with the insurance company. Further, appellee presented no evidence showing any fraudulent conduct or any fraudulent misrepresentation by appellant in her dealings with the insurance company. Appellee was not a party to the transactions between the insurance company and appellant. The contract at issue in this case is the oral contract between appellant and appellee for the removal of an old roof and the installation of a new roof on appellant's residence and occurred subsequent to the payment of the insurance claim. Appellee stipulated to the fact that he negligently installed a metal roof at appellant's residence. This oral contract between appellant and appellee is separate and distinct from any contract that existed between appellant and her insurance company and has no nexus to the claim presented to the insurance company by appellant.

{¶27} The trial court erred in finding appellee proved there was some competent, credible evidence going to all the essential elements of the existence of a civil conspiracy with appellant to defraud to insurance company by means of appellee's contract for the installation of a replacement roof and thus erred in finding appellee presented sufficient evidence to meet his burden of proof of the existence of the affirmative defense of illegality. Appellant's third error is sustained.

{¶28} Appellant's Assignments of Error I, II, and III are sustained.

{¶29} The March 29, 2012 judgment entry of the Richland County Court of Common Pleas granting appellee's motion to amend pleadings and the July 18, 2012

judgment entry overruling appellant's objections to the Magistrate's decision and adopting the Magistrate's Decision of July 13, 2011 are reversed. We vacate the award of damages and remand the matter to the trial court for further proceedings in accordance with the law and this opinion.

By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY

WSG:clw 0529

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARY CANTLEBERRY | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RUSSELL HOLBROOK | : | |

                                      :
                                      :
        Defendant-Appellee            :        CASE NO. 12-CA-75


        For the reasons stated in our accompanying Memorandum-Opinion, the March

29, 2012 judgment entry of the Richland County Court of Common Pleas granting

appellee's motion to amend pleadings and the July 18, 2012 judgment entry overruling

appellant's objections to the Magistrate's decision and adopting the Magistrate's

Decision of July 13, 2011 are reversed.  We vacate the award of damages and remand

the matter to the trial court for further proceedings in accordance with the law and this

opinion.  Costs to appellee.


                                         _____
                                         HON. W. SCOTT GWIN


                                         _____
                                         HON. SHEILA G. FARMER


                                         _____
                                         HON. PATRICIA A. DELANEY