[Cite as *Estate of Everhart v. Everhart*, 2014-Ohio-2476.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| THE ESTATE OF EDDIE R. EVERHART, ANNA J. EVERHART, | : | |
| | : | CASE NOS. CA2013-07-019 |
| Plaintiff-Appellee, | | CA2013-09-026 |
| | : | |
| | | O P I N I O N |
| - vs - | : | 6/9/2014 |
| | : | |
| BRADLEY L. EVERHART, et al., | : | |
| | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 11 PC 00149C

Peter D. Quance, 344 Jefferson Street, P.O. Box 210, Greenfield, Ohio 45123, for plaintiff-appellee, Anna J. Everhart, Administratrix of Estate of Eddie R. Everhart

Cutright & Cutright LLC, James K. Cutright, 76 W. Second Street, Chillicothe, Ohio 45601, for plaintiff-appellee, Anna J. Everhart, Individually, and Darlene N. Everhart

Conrad A. Curren, Carol Ann Curren, 330 Jefferson Street, P.O. Box 149, Greenfield, Ohio 45123, for defendant-appellant, Bradley L. Everhart

**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Bradley Everhart, appeals the decision of the Fayette County Probate Court in a consolidated lawsuit involving a will contest, a complaint for exceptions to inventory of decedent's estate, and a declaratory judgment action. For the

reasons detailed below, we affirm the decision of the trial court.

{¶ 2} This claim largely revolves around competing ownership rights to a farm previously owned and operated by decedent, Eddie Everhart, located at 6946 Limes Road, Greenfield, Fayette County, Ohio. The trial court awarded the farm to Anna Everhart, who the trial court also found was decedent's common-law wife.

{¶ 3} The following facts are undisputed in the record. Decedent was married to Thelma Fryer and had four children by issue of that marriage: Bradley, Herbert, Christian, and David. The marriage ended in divorce in 1984.

{¶ 4} In 1987, decedent began a relationship with Anna Everhart. Decedent and Anna had one child, Darlene Everhart, born in 1988. All three lived on the farm together in the same residence until the time of decedent's death. It is also undisputed that decedent and Anna were second cousins.

{¶ 5} The record reflects that throughout his life, decedent was engaged in farming operations and the raising of cattle. Decedent's son, Bradley, participated in the farming operations and also lived on the farm. Anna and Bradley presented conflicting accounts of Bradley's involvement in the farming operations. Bradley testified that he was a partner in the farming operations with decedent and described the work he performed as substantial. However, Anna described Bradley's relationship with decedent as "parasitic" and testified that Bradley only performed occasional work on the farm in order to ensure that decedent continued to allow him to live rent free on the farm and to ensure that decedent would supply him with occasional spending money.

{¶ 6} In July 2010, decedent learned he had terminal cancer. On July 23, 2010, decedent conveyed the farm to Anna and also conveyed several residential rental properties to Darlene, his daughter. That same day, decedent also executed a new will, which bequeathed all of his remaining real and personal property to Anna. On June 24, 2011,

decedent died and the following dispute ensued.

{¶ 7} On July 27, 2011, Anna Everhart, acting as decedent's surviving spouse and executor of his estate, filed an application for summary release from administration in the Fayette County Probate Court, which was granted on August 3, 2011 and the case was closed. Subsequently, Bradley filed a new action to compel production of decedent's will and argued that he was entitled to decedent's farm. In response, Anna reopened the case as a full administration of decedent's estate and filed decedent's will with the probate court. Bradley complained the will filed in the probate court was a product of undue influence and therefore invalid.

{¶ 8} In addition to the action for administration of decedent's estate, Anna and Bradley also disputed the ownership rights of cattle that were located on the farm. The record reflects that at some point following decedent's death, Anna sold 114 head of cattle, of which Bradley claimed an interest. As a result, on January 20, 2012, Anna filed an action individually for declaratory judgment in the Fayette County Court of Common Pleas, General Division, seeking to be declared the lawful owner of the cattle. In response, Bradley filed an answer and counterclaim alleging that Anna was not decedent's wife and also alleging that Bradley and decedent were partners in the farming operation. Bradley's answer and counterclaim did not include a jury demand.

{¶ 9} On June 20, 2012, the actions were consolidated. On November 8, 2012, Bradley sought leave to amend his counterclaim to add Darlene as a party, in order to contest the validity of the residential rental property transfers, which the trial court granted. In his amended counterclaim, Bradley also included a jury demand. In a subsequent ruling, the trial court struck Bradley's request for a jury trial as untimely.

{¶ 10} On February 25, 2013, the matter proceeded to trial. A jury trial was held with respect to the will contest action regarding Bradley's claim that the will was invalid on the

basis of undue influence. Following the close of evidence, the jury returned a verdict in favor of Bradley, finding decedent's will was a product of undue influence, thereby rendering it invalid. As a result, the trial court found decedent died intestate.

{¶ 11} On February 26, 2013, the remaining issues were tried to the bench. On June 5, 2013, the trial court issued its written findings of fact and conclusions of law. Pertinent to this appeal, the trial court found: (1) Anna Everhart was the common-law wife of decedent, (2) the property transfers to Anna and Darlene were not the product of undue influence, and (3) Bradley was not a partner in decedent's farming operation. Therefore, the trial court found that Anna was the owner of the farm and the cattle and Darlene was the owner of the residential rental property.

{¶ 12} Bradley now appeals the decision of the trial court raising five assignments of error for review.

{¶ 13} Assignment of Error No. 1:

{¶ 14} THE TRIAL COURT ERRED TO THE DETRIMENT OF THE DEFENDANT/APPELLANT WHEN IT ABUSED ITS DISCRETION IN DENYING DEFENDANT-APPELLANTS, BRADLEY EVERHART, ET AL., A JURY TRIAL ON ALL ISSUES WHEN THE CASES WERE CONSOLIDATED AFTER THE COMPLAINT WAS FILED.

{¶ 15} In his first assignment of error, Bradley argues the trial court erred in denying him a jury trial on all issues. We find Bradley's argument is without merit.

{¶ 16} It is well-established that an individual does not possess a constitutional or statutory right to a jury trial during a probate proceeding. *State ex rel. Kear v. Court of Common Pleas of Lucas Cty., Probate Div.*, 67 Ohio St.2d 189, 191-192 (1981*); First Nat. Bank of Southwestern Ohio v. Miami Univ.*, 121 Ohio App.3d 170, 178 (12th Dist.1997); *In re Kister*, 4th Dist. Athens No. 10CA19, 2011-Ohio-2678, ¶ 52. Indeed, R.C. 2101.31

specifically states:

> All questions of fact shall be determined by the probate judge, unless the judge orders those questions of fact to be tried before a jury or refers those questions of fact to a special master commissioner as provided in sections 2101.06 and 2101.07 of the Revised Code.

{¶ 17} The present case involves three separate actions in a consolidated lawsuit in the Fayette County Probate Court: a will contest, a complaint for exceptions to inventory of decedent's estate, and a declaratory judgment action. In particular, Bradley argues the trial court should have permitted the jury to decide the issues contained in the declaratory judgment action, namely, whether Anna was decedent's common law spouse.

{¶ 18} As an initial matter, we note that a probate court is a court of limited jurisdiction, and probate proceedings are restricted to those actions permitted by statute and by the constitution. *Corron v. Corron*, 40 Ohio St.3d 75 (1988), paragraph one of the syllabus. "Statutes which create a declaratory judgment procedure do not extend the jurisdiction of the subject matter of a court but rather extend the power of the court to grant declaratory relief within its respective jurisdiction. In other words, declaratory judgment statutes provide an additional remedy which may be granted by a court but they do not extend the jurisdiction as to the subject matter upon which a court may act." *Nemcek v. Paskey*, 137 Ohio Misc.2d 1, 2006-Ohio-2059, ¶ 12 (P.C.), quoting *Ryan v. Tracy*, 6 Ohio St.3d 363, 366 (1983). "The probate court has jurisdiction to render declaratory judgments pursuant to R.C. Chapter 2721 and R.C. 2101.24." *Nemcek* at ¶ 12; *See also First Nat. Bank of Southwestern Ohio* at 174.

{¶ 19} Although Bradley alleges those issues contained in the declaratory judgment action should have been presented to the jury, we note that a probate court has the discretionary power in a declaratory judgment action to empanel a jury to make the factual determinations. *First Nat. Bank of Southwestern Ohio* at 177-178 ("the determination of whether factual issues will be tried to a jury is committed to the sound discretion of the

probate court"), citing *Renee v. Sanders*, 160 Ohio St. 279 (1953), paragraph five of the syllabus.  As noted by the Ohio Supreme Court

> Where an action for declaratory judgment is properly instituted in the probate court, this code provision is applicable, and questions arising out of the trial of the issues shall be determined by the probate judge unless upon his own initiative or request of either party, the probate judge shall, in the exercise of his discretion, order such questions of fact to be tried by a jury or referred as otherwise authorized in the statutes.

*Renee v. Sanders*, 160 Ohio St. 279 (1953), paragraph five of the syllabus; accord *First Nat. Bank of Southwestern Ohio* at 177; *Giurbino v. Giurbino*, 89 Ohio App.3d 646, 662 (8th Dist. 1993); *In re Estate of Lucitte*, 6th Dist. Lucas No. L-10-1136, 2012-Ohio-390, ¶ 67.  "This rule applies despite language in R.C. 2311.04 which provides that issues of fact arising in actions for the recovery of real or personal property shall be tried by a jury."  *Giurbino* at 662, quoting *Renee* at 285 (construing G.C. 11379, the identical forerunner of R.C. 2311.04, and G.C. 10501-32, the predecessor to R.C. 2101.31).  "In addition, R.C. 2721.10, which guarantees litigants the right to have issues of fact presented in declaratory judgment actions determined in the same manner as issues of fact are generally determined by the court hearing the action, does not contradict this rule."  *Id.*  Accordingly, because the determination of whether to empanel a jury on the issues relating to the declaratory judgment action was within the sound discretion of the trial court, we find the trial court did not err in denying Bradley's request for a jury trial.

{¶ 20} As an additional matter, we note the record also supports the trial court's references to Bradley's untimely jury demand.  *See* Civ.R. 38(D) ("[t]he failure of a party to serve a demand as required by this rule * * * constitutes a waiver by him of trial by jury").  In this case, Anna filed the declaratory judgment action on January 20, 2012.  In response, Bradley filed his answer and counterclaim on February 21, 2012.  Neither pleading contained a jury demand.  On June 20, 2012 the declaratory judgment action was consolidated with the

other pending actions, including the will contest action. Nevertheless, Bradley did not include a jury demand on the issues contained in the declaratory judgment action until November 8, 2012 when he filed his amended answer and counterclaim.[1] Accordingly, the trial court also correctly noted that Bradley's jury demand was untimely.

{¶ 21} Therefore, Bradley's first assignment of error is overruled.

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE TRIAL COURT ERRED TO THE DETRIMENT OF THE DEFENDANT/APPELLANT WHEN IT FOUND ANNA EVERHART WAS THE COMMON LAW WIFE OF EDDIE EVERHART.

{¶ 24} In his second assignment of error, Bradley argues the trial court erred by finding that decedent and Anna had a common law marriage. We find no merit to this argument.

{¶ 25} As an appellate court, our review of a trial court's decision is limited to whether the judgment is against the manifest weight of the evidence. *Jones v. Homes*, 12th Dist. Butler No. CA2012-07-133, 2013-Ohio-448, ¶ 24. The Ohio Supreme Court has confirmed that when reviewing the manifest weight of the evidence, an appellate court conducts the same analysis in both criminal and civil cases. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 12. As such, we weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the finder of fact "clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *Id.* at ¶ 20, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶ 26} If the evidence presented to the trial court is susceptible to more than one interpretation, we are bound to give it the construction that is consistent with the trial court's

_____

1. The trial court also noted in its entry striking Bradley's jury demand that Bradley never sought leave to include a jury demand in his amended counterclaim. *See* Civ.R. 15.

judgment and finding of facts. *Jones* at ¶ 24. A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and the evidence submitted before the trial court. *Artisan & Truckers Cas. Co. v. JMK Transp., L.L.C.*, 12th Dist. Clermont No. CA2013-01-004, 2013-Ohio-3577, ¶ 25. The underlying rationale of this deferential standard rests with the understanding that "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Mike Castrucci Ford Sales, Inc. v. Hoover*, 12th Dist. Clermont No. CA2007-02-022, 2008-Ohio-1358, ¶ 19, quoting *Seasons Coal Co., Inc. v. City of Cleveland*, 10 Ohio St.3d 77, 80 (1984).

{¶ 27} A common-law marriage is the "joinder of a man and a woman as husband and wife without having first observed the formalities of licensure papers or ceremony." *Keefe v. Doornweerd*, 9th Dist. Summit No. 26377, 2013-Ohio-250, ¶ 11. Ohio has prohibited common-law marriages occurring on or after October 10, 1991. *Polly v. Coffey*, 12th Dist. Clermont No. CA2002-06-047, 2003-Ohio-509, ¶ 33; R.C. 3105.12(B)(1). Common law marriages that occurred prior to that date continue to be recognized and remain valid unless terminated by death, divorce, dissolution of marriage, or annulment. *Brooks v. Brooks*, 12th Dist. Warren No. CA2000-08-079, 2001 WL 433376, *2 (Apr. 30, 2001); R.C. 3105.12(B)(2). A party seeking to establish a common law marriage must show: "(1) an agreement of marriage in praesenti, (2) cohabitation as husband and wife, and (3) a holding out by the parties to those with whom they normally come into contact, resulting in a reputation as a married couple in the community." *Coffey* at ¶ 33; *Doornweerd* at ¶ 12.

{¶ 28} The party seeking to establish a common-law marriage bears the burden of establishing each of its elements by clear and convincing evidence. *Coffey* at ¶ 34; *Brooks* at *2; *Nestor v. Nestor*, 15 Ohio St.3d 143, 145 (1984). Clear and convincing evidence is that

degree of proof which produces in the mind of the trier of fact "a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954). In deciding whether a party has presented clear and convincing evidence of a common-law marriage, the weight to be given the evidence and the credibility of witnesses is a determination to be made by the trier of fact. *Coffey* at ¶ 34.

{¶ 29} "The contract of marriage in praesenti may be proven either by way of direct evidence which establishes the agreement, or by way of proof of cohabitation, acts, declarations, and the conduct of the parties and their recognized status in the community in which they reside." *Nestor* at 146; *Coffey*, 2003-Ohio-509 at ¶ 35. Where there is no direct proof in reference to the formation of a marriage contract, testimony regarding cohabitation and community reputation tends to raise an inference of the marriage. *Id.* However, an attempt to establish the existence of a common-law marriage will not be defeated by the fact that "some of those with whom the parties have contact are also unaware of the [marital] arrangement." *Coffey* at ¶ 36, citing *Nestor* at 146. Rather, the determination of a common law marriage is given more or less strength according to the circumstances of the particular case. *Nestor* at 146; *Doornweerd*, 2013-Ohio-250 at ¶ 19.

{¶ 30} Based on our review of the record, we find there is competent, credible evidence to support the trial court's factual findings and its decision was not against the manifest weight of the evidence. In the present case, Anna testified that she began a romantic relationship with the decedent and thereafter began living on the farm in March 1987. It is undisputed that decedent and Anna had a child together, Darlene, born in November 1988. In addition, Anna testified that decedent presented her with an engagement ring in 1987 and then presented her with a wedding band during Christmas 1987 as a symbol of their marriage. Although Anna does not dispute that an official marriage license was never issued and the marriage was never overseen by a wedding officiant, she maintains that the

two were married in 1987 and the marriage continued until decedent's death.

{¶ 31} Although Bradley produced conflicting testimony, the trial court, as trier of fact, was in the best position to weigh the credibility of the witnesses. For example, Bradley presented the testimony of witnesses who stated that decedent did not acknowledge Anna as his wife and would say that he never would get married again. However, other evidence contained in the record refutes the testimony provided by Bradley and further bolsters Anna's credibility. Specifically, the record reflects that decedent filed joint tax returns with Anna for the years of 2008-2011 as a married couple. In addition, the record also contains evidence of signed deeds and mortgages containing signatures of decedent and Anna in the capacity of husband and wife. Accordingly, we find the trial court's decision was supported by the weight of the evidence and therefore Bradley's second assignment of error is overruled.

{¶ 32} Assignment of Error No. 3:

{¶ 33} THE TRIAL COURT ERRED TO THE DETRIMENT OF THE DEFENDANT/APPELLANT WHEN IT FAILED TO FIND FRAUD AND UNDUE INFLUENCE IN THE TRANSFER OF PROPERTY.

{¶ 34} In his third assignment of error, Bradley argues the trial court committed prejudicial error by failing to find undue influence in the property transfers made by decedent on July 23, 2011. Specifically, Bradley seeks to invalidate: (1) the transfer of the farm to Anna, and (2) the transfer of the residential rental property to Darlene.

{¶ 35} "A deed executed in the correct form is presumed to be valid and will not be set aside except upon clear and convincing evidence. Therefore, a party seeking rescission and cancellation of a deed because of undue influence bears the burden of proof by clear and convincing evidence." *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist. 1991); *Fewell v. Gross*, 12th Dist. Butler Nos. CA2006-04-096, CA2006-05-103, 2007-Ohio-5788, ¶ 27. As this court has previously acknowledged:

> The mere existence of undue influence, or an opportunity to exercise it, although coupled with an interest or motive to do so, is not sufficient, but such influence must be actually exerted on the mind of the testator with respect to the execution of the will in question. It must be shown that such influence, whether exerted at the time of the making of the will or prior thereto, was operative at the time of its execution or was directly connected therewith. It must be shown that undue influence was exercised with the object of procuring a will in favor of particular parties.

*Henkle* at 736, quoting *West v. Henry*, 173 Ohio St. 498, 501 (1962).

{¶ 36} The essential elements of undue influence are: (1) a susceptible testator, (2) another's opportunity to exert influence on the testator, (3) the fact of improper influence exerted or attempted, and (4) a result showing the effect of such influence. *West* at 510-511; *see also Lakes v. Ryan*, 12th Dist. Butler No. CA2002-05-118, 2003-Ohio-504, ¶ 10; *Smith v. Gold-Kaplan*, 8th Dist. Cuyahoga No. 100015, 2014-Ohio-1424, ¶ 41.

{¶ 37} In support of his assignment of error, Bradley places much emphasis on the fact that the jury found decedent's will to be a product of undue influence, whereas the trial court found the property transfers to Anna and Darlene were valid and not a product of undue influence. This argument suffers from three deficiencies. First, the issues determined by the trier of fact were subject to different burdens of proof. *Compare West v. Henry*, 173 Ohio St. 498 (1962), and *Kidwell v. Pitts*, 2d Dist. Montgomery No. 22370, 2008-Ohio-4395, fn. 1 (noting that a showing of undue influence in a will contest requires only a preponderance of the evidence, rather than clear and convincing evidence) with *Henkle* at 735 and *Fewell* at ¶ 27. Second, in addition to the testimony regarding the jury trial, the trial judge also heard additional testimony on the issue of the relevant property transfers, which was not presented to the jury. Finally, Bradley's argument assumes the jury's decision was correctly decided, but simultaneously argues the trial court's decision was against the manifest weight of the evidence. As previously acknowledged, we review the trial court's decision under a deferential standard of review because "the trial judge is best able to view the witnesses and

- 11 -

observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Mike Castrucci Ford Sales, Inc.*, 2008-Ohio-1358 at ¶ 19.

{¶ 38} In the present case, the trial court heard the testimony of Peter Quance, decedent's attorney, who testified that he prepared the deeds transferring ownership of the farm and the residential rental properties to Anna and Darlene. According to Quance, decedent drove to Quance's office alone on July 20, 2011, appeared normal and calm, despite the cancer diagnosis, and described the desired property transfers in a definite manner. Quance further testified that on July 23, 2011, decedent returned to the office, again alone, and signed the deeds transferring ownership of the property.

{¶ 39} In addition to Quance's testimony, the trial court also heard the testimony of decedent's sisters, Betty Jones and Mary Havens. Jones testified that decedent stated the properties were transferred to Anna and Darlene and nothing was left to Bradley because of decedent's concern about Bradley's pending divorce and decedent's desire to have the property remain in the family. Likewise, Havens testified that decedent acknowledged the real estate transfers when the transfers were subsequently printed in the local newspaper.

{¶ 40} Based on our review of the record, we find the trial court's decision was not against the manifest weight of the evidence. The trial court heard sufficient testimony that could lead a reasonable trier of fact to conclude that the decedent did not transfer the property because of undue influence. Accordingly, we overrule Bradley's third assignment of error.

{¶ 41} Assignment of Error No. 4:

{¶ 42} THE TRIAL COURT ERRED TO THE DETRIMENT OF THE DEFENDANT/APPELLANT WHEN IT ABUSED ITS DISCRETION IN DENYING PLAINTIFF/APPELLANT'S MOTION AT THE CLOSE OF TRIAL TO AMEND THE

COMPLAINT TO CONFORM WITH THE EVIDENCE IN THE CLAIM OF UNJUST ENRICHMENT.

{¶ 43} In his fourth assignment of error, Bradley argues the trial court abused its discretion when it denied his request to amend his complaint at the close of evidence to include a claim of unjust enrichment. We disagree.

{¶ 44} The decision whether to grant or deny a Civ.R. 15(B) motion to amend pleadings is within the discretion of the trial court. *Al Castrucci Ford Sales, Inc. v. Thompson*, 12th Dist. Clermont No. CA89-09-077, 1990 WL 154026, * 4 (Oct. 15, 1990); *Grimes v. Grimes*, 4th Dist. Washington No. 10CA23, 2012-Ohio-3562, ¶ 17. An appellate court will not reverse a trial court's decision on a motion to amend absent an abuse of discretion. *Cantleberry v. Holbrook*, 5th Dist. Richland No. 12CA75, 2013-Ohio-2675, ¶ 15; *CommunicCare, Inc. v. Wood Cty. Bd. Of Commr.'s*, 6th Dist. Wood No. WD-04-057, 2005-Ohio-2348, ¶ 18, citing *Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120, 122 (1991). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Grimes* at ¶ 17; *Cantleberry* at ¶ 15.

{¶ 45} "As noted by Civ.R. 15(B), amendments to the pleadings may be necessary to conform to the evidence and leave should be freely given to amend pleadings to conform to the evidence." *Cantleberry* at ¶ 18. However, there must be at least a prima facie showing by the party filing the motion to amend that the movant can "marshal support for the new matters sought to be pleaded * * * ." *Wilmington Steel Products* at 122.

{¶ 46} "In order to recover on a claim of unjust enrichment, the party asserting the claim must demonstrate: (1) a benefit conferred by a plaintiff upon a defendant, (2) knowledge by defendant of the benefit, and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Aztec Internatl.*

*Foods, Inc. v. Duenas*, 12th Dist. Clermont No. CA2012-01-002, 2013-Ohio-450, ¶ 75; *Fewell*, 2007-Ohio-5788 at ¶ 13, citing *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (1984).

{¶ 47} In this case, we find no error in the trial court's decision denying Bradley's Civ.R. 15(B) motion. Bradley's assignment of error essentially reiterates his earlier arguments to allege that Anna was not decedent's surviving spouse and was thereby unjustly enriched when she gained ownership of the farm, cattle, and other items from decedent's estate. However, as we have already noted, the trial court's finding that decedent and Anna were married to each other by common law was supported by the weight of the evidence and the transfer of the farm to Anna was valid. Finally, Bradley never appealed the trial court's finding that decedent and Bradley were not partners in the farming operation. Therefore, Bradley had no interest in the equipment or livestock that he now argues is a basis for the unjust enrichment cause of action. Accordingly, we find the trial court did not abuse its discretion in denying Bradley's Civ.R. 15 motion to amend the pleadings. Bradley's fourth assignment of error is overruled.

{¶ 48} Assignment of Error No. 5:

{¶ 49} THE TRIAL COURT ERRED TO THE DETRIMENT OF THE DEFENDANT/APPELLANT WHEN IT ABUSED ITS DISCRETION IN APPOINTING ANNA EVERHART AS ADMINISTRATRIX IN THE PROBATE CASE WITHOUT THE PROPER HEARING WHEN THE CASE HAS BEEN CONTESTED ADMINISTRATRIX [sic] IN THE PROBATE CASE WITHOUT THE PROPER HEARING WHEN THE CASE HAS BEEN CONTESTED.

{¶ 50} In his fifth assignment of error, Bradley argues the trial court erred in appointing Anna as administrator of decedent's estate without a proper hearing. Bradley alleges that Anna "attempted fraud on the court" and should be removed as administrator. We find no

merit to this argument.

{¶ 51} Before addressing this issue, it is important to reiterate the procedural posture of Bradley's motion to remove Anna as executrix. On February 25, 2013, a jury trial was held and decedent's will was invalidated as a product of undue influence. The following day, the remaining issues were tried to the bench. On March 19, 2013, Bradley filed the request to remove Anna as executrix of decedent's estate. In support of this claim, Bradley referenced the following:

> I. Her [Anna Everhart] authorities and responsibilities as Executrix were extinguished by the annulment of the will dated July 23, 2010 and by this Court's Order of March 15, 2013. See ORC 2109.24.

No other grounds for removal were specified in Bradley's request. On June 5, 2013, the trial court issued its written decision and found that Anna was decedent's surviving spouse. Thereafter, the trial court denied Bradley's motion, noting:

> The Motion for Removal of Executrix filed on March 19, 2013 is hereby denied. The Court recognizes that the title "Executrix" for Anna J. Everhart should be amended to "Administrator."

Bradley filed his appeal to that decision on September 20, 2013.

{¶ 52} The removal of a fiduciary is within the sound discretion of the probate court, and a reviewing court will not reverse the trial court's order unless it appears that the lower court abused its discretion. *In re Estate of Perry*, 12th Dist. Butler No. CA2007-03-061, 2008-Ohio-351, ¶ 30-31; *In re Estate of Meloni*, 11th Dist. Trumbull No. 2003-T-0096, 2004-Ohio-7224, ¶ 32. Both R.C. 2109.24 and 2113.18 provide the statutory basis for removing a fiduciary or executor. *Meloni* at ¶ 33. Under R.C. 2109.24, "[t]he court may remove any such fiduciary * * * for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law."

{¶ 53} Furthermore, pursuant to R.C. 2113.08(A) "[t]he probate court may remove any

- 15 -

executor or administrator if there are unsettled claims existing between the executor or administrator and the estate that the court thinks may be the subject of controversy or litigation between the executor or administrator and the estate or persons interested in the estate."

{¶ 54} Based on our review of the record, we find no abuse of discretion in the trial court's decision denying Bradley's motion for removal of Anna as executrix. The record clearly reflects that Bradley's only stated reason in support of his motion for removal was based on the order finding undue influence in decedent's will. Because the finding of undue influence invalidated decedent's will, the trial court found that decedent died intestate and thus noted that Anna would now be considered an "administrator" as opposed to an "executrix." An administrator is defined as "[a] person appointed by the court to manage the assets and liabilities of an intestate decedent," while an executor is defined as "[a] person named by a testator to carry out the provisions in the testator's will." *Black's Law Dictionary* (9th Ed.2009). Accordingly, because the jury found undue influence in decedent's will, the trial court noted that Anna's role in the administration of decedent's estate was characterized as an "administrator."

{¶ 55} Despite this, Bradley once again alleges that Anna is not the surviving spouse of the decedent and raises further issues with respect to fraud and dishonesty in the administration of decedent's estate. However, as we have previously acknowledged, the trial court's finding that Anna was decedent's surviving spouse was supported by the weight of the evidence. Pursuant to R.C. 2113.07, Anna had a priority right of appointment as administrator as the decedent's surviving spouse. Although Bradley references Anna's "attempted fraud on the court" and "proven dishonesty," he failed to raise those issues with the trial court and fails to demonstrate that the trial court's denial was an abuse of discretion. *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81 (1997) (generally, appellate

courts will not consider arguments that were never presented to the trial court whose judgment is sought to be reversed); *Hamilton v. Ebbing*, 12th Dist. Butler No. CA2011-01-001, 2012-Ohio-2250, fn. 3 ("[i]t is well-established that a party cannot raise new issues or legal theories for the first time on appeal").  While the better practice may be to have an administrator not so entrenched in the dispute, we find the trial court did not abuse its discretion when it denied Bradley's motion to remove Anna as executrix of decedent's estate. Accordingly Bradley's fifth assignment of error is overruled.

**{¶ 56}** Judgment affirmed.

PIPER and M. POWELL, JJ., concur.