OPINION
{¶ 1} Plaintiffs-appellants Theresa Ickes and Donald Soltis appeal the September 2, 2004 Judgment Entry of the Stark County Court of Common Pleas, which granted judgment in favor of defendant-appellee Lawrence Township.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellants initiated this action seeking, in addition to other claims, a determination whether the roadway located in front of their property was a public road subject to common law dedication. On July 23, 2004, the parties submitted Joint Stipulations of Fact as to the common law dedication issue. On September 2, 2004, the trial court, via Judgment Entry, decided the roadway was not subject to common law dedication.
 {¶ 3} Appellants now appeal the trial court decision, assigning as error:
 {¶ 4} "I. THE TRIAL COURT ERRED IN REQUIRING THE PLAINTIFFS TO PROVE A FORMAL ACCEPTANCE OF A COMMON LAW DEDICATED ROAD HAD BEEN MADE BY LAWRENCE TOWNSHIP IN THIS CASE."
 I {¶ 5} In their sole assignment of error, appellants allege the trial court erred in determining the roadway was not subject to common law dedication.
 {¶ 6} Under Ohio law, dedication can be in two forms: statutory and common law. A statutory dedication is one made in conformity with the provisions of those statutes providing for such dedication. The parties agree the evidence does not establish a statutory dedication.
 {¶ 7} A common law dedication can be proven upon the showing of the following three elements: (1) the existence of an intention on the part of the owner to make such dedication; (2) an actual offer on the part of the owner, evidenced by some unequivocal act, to make such dedication; and (3) the acceptance of such offer by or on behalf of the public.Mastera v. Alliance (1987), 43 Ohio App.3d 120; Neeley v. Green
(1991), 73 Ohio App.3d 167, 170.
 {¶ 8} Initially, we note, the parties concede the first two elements of the common law dedication have been established. However, the parties disagree as to the trial court's analysis of the third element.
 {¶ 9} The July 23, 2004 Judgment Entry states:
 {¶ 10} "Finally, regarding the third prong of common law dedication, i.e., acceptance of an offer to dedicate land by or on behalf of the public, the facts adduced in this matter do not prove that acceptance of the undedicated portion of Easter Avenue by the Lawrence Township Trustees has occurred. In the early case of Railroad Co. v. Village ofRoseville, 76 Ohio St. 108, the court held in paragraph three of the syllabus: `An acceptance, by a city or village, of the dedication of a street cannot be shown by proof of user by the public, but it is essential that acts of acceptance by its proper officials be shown.'
 {¶ 11} "In a more recent case, State, ex rel. Fitzthum v. Turinsky
(1961), 172 Ohio St. 148, the court explained the necessity for clear evidence regarding the third prong of common law dedication of public ways:
 {¶ 12} "Although, as pointed out herein, the question has not been specifically decided by this court, it has been generally accepted by text writers that to constitute an acceptance of land dedicated for street or road purposes mere user by the public, without an acceptance by responsible public authorities, is not sufficient to charge those authorities with the duty of maintenance (citation omitted). Id, at 52.
 {¶ 13} "But in the absence of a formal acceptance by the county commissioners or actions from which such acceptance can be implied, such a user by the public in general is not such an acceptance as will impose responsibility on a Board of Township Trustees for the maintenance of road within their township. Id. at 153.
 {¶ 14} "While the stipulated facts in this case indicate the property abutting the undedicated portion of Easter Avenue and the roadway itself have been part of the North Lawrence Lighting District, that the property owned by the individual parties in this lawsuit have [sic] been subject to assessments for the lighting district, that the Lawrence Township Trustees have adopted a series of contracts which established street lighting in the area of the undedicated roadway with two lights being located adjacent to the undedicated roadway, that the street inventory maintained by the Ohio Department of Transportation includes the undedicated roadway as part of Penford Street, also known as Township Route 1231, and that members of the public, including Lawrence Township vehicles, have used Easter Avenue from Penford Street to Lawmont Avenue, both dedicated and undedicated portions of roadway, the same do not demonstrate, as required by the Fitzthum and Mastera cases, that a formal acceptance of the subject road by a political subdivision has occurred." (Emphasis added).
 {¶ 15} Both parties agree the Ohio Supreme Court's opinion inFitzthum, cited by the trial court, does not require formal acceptance by the political subdivision; rather, acceptance may be implied. Although the trial court's entry specifically recognizes the Fitzthum and Mastera
cases which do not require "formal" acceptance but rather "implied acceptance," the trial court concluded that a "formal acceptance" was not demonstrated. The trial court did not decide whether the facts demonstrated an "implied acceptance." Although reading between the lines we believe that is what the trial court intended to conclude, the language it used referencing no "formal acceptance" gives us pause. We prefer not to speculate whether the trial court simply misspoke or whether it applied the wrong standard. Under these circumstances, we conclude it best to reverse and remand to the trial court to specifically determine whether an "implied acceptance" has occurred.
 {¶ 16} Appellee cites our prior opinion in Cincinnati Ins. Co. v.Slutz (October 13, 1987), Stark App. No. CA 7109, arguing this Court should proceed to weigh the stipulated facts and render a de novo determination as to whether the public officials impliedly accepted the common law dedication of the property at issue. We decline to do so, as different conclusions may be reached by different people in considering the stipulated facts. The issue before the trial court was not a purely legal analysis, but rather a weighing of stipulated facts to determine whether sufficient evidence exists to demonstrate implied acceptance; i.e. dominion and control. This analysis necessarily requires a subjective consideration of the facts and circumstances, unlike a purely objective contractual analysis. While Slutz may be relevant in a contractual case, we are not persuaded it should be applied herein.
 {¶ 17} Accordingly, the September 2, 2004 Judgment Entry of the Stark County Court of Common Pleas is reversed and this matter remanded for further proceedings in accordance with the law and this opinion.
Boggins, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the September 2, 2004 Judgment Entry of the Stark County Court of Common Pleas is reversed and this case is remanded to the trial court for further proceedings in accordance with the law and this opinion. Costs assessed to appellee.