[Cite as *State v. Hinty*, 2020-Ohio-79.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| MICHAEL HINTY | : | Case No. 2019 CA 00010 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Municipal Court,
Case No. 18-CRB-957


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    January 13, 2020


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MITCHELL R. HARDEN                        ANDREW R. SANDERSON
136 West Main Street                      738 East Main Street
Lancaster, OH  43130                      Lancaster, OH  43130

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Michael Hinty appeals the March 6, 2019 entry of conviction and sentence of the Fairfield County Municipal Court, Lancaster, Ohio. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   At the time of events in this matter, Hinty had been living with the child victim and her mother, Rebecca, for 8 years. The child victim, A.C. was 10 years old. A.C. is a special needs, low-functioning, non-verbal child.

{¶ 3}   On February 16, 2018, Hinty took A.C. to a father-daughter dance at A.C.'s school, Gorsuch West Elementary. Assistant Principal Maureen Kemper was present as a chaperone along with Gorsuch teacher Jo Lena Sark and her husband Bret. As the three looked out over the crowd from the stage, Kemper noticed Hinty standing at the back wall of the gymnasium with A.C. standing directly in front of him. Hinty's hands were draped over A.C.'s shoulders, as he rubbed A.C.'s breasts. Kemper pointed this activity out to the Sark's. All three were shocked, and viewed the touching as inappropriate. After 4-5 minutes of this, the three watched as Hinty turned to face the wall and put his hands down at his crotch.

{¶ 4}   The entire time Hinty was fondling A.C.'s breasts, he was talking to another parent, Michael Gillette. When later questioned about the incident, Gillette stated he found the behavior "a little out of the ordinary" and "…not a really normal thing to do." Nonetheless, Gillette did not view the behavior as sexual because A.C. is not "developed" and "is like a little boy."

{¶ 5}   The incident was captured on surveillance video and later turned over to police.

{¶ 6}   Lancaster Police Detective Alex Sinewe spoke with Hinty about the incident. Hinty did not deny touching A.C.'s breasts. He instead explained that A.C. is prone to "fits," and that he does what he was observed doing to calm A.C. Hinty further explained that it is only natural to rub A.C's chest, shoulder or stomach, and that there was nothing sexual about the interaction.

{¶ 7}   Hinty was later charged with one count of sexual imposition pursuant to R.C. 2907.06(A)(1). The state later amended the charge to one count of sexual imposition pursuant to R.C. 2907.06(A)(2), a misdemeanor of the third degree. Hinty pled not guilty to the charge and elected to proceed to a bench trial on January 25, 2019 where the above outlined evidence was adduced. Before the beginning of the trial, counsel for Hinty stipulated that Hinty knew A.C., that A.C. was not Hinty's spouse, and that A.C.'s disabilities substantially impaired her ability to apprise the nature of, or control Hity's touching. Hinty was not in the courtroom when his counsel entered into these stipulations, however, counsel indicated he had discussed the matter with Hinty and that Hinty was willing to so stipulate.

{¶ 8}   After hearing the evidence, the trial court found Hinty guilty of the amended charge. Following a pre-sentence investigation, the trial court sentenced Hinty to a 60-day jail term and suspended 30 days. Hinty was additionally placed on 5 years probation and classified as a Tier I sex offender.

{¶ 9}   Hinty filed an appeal, and his jail term was stayed pending this appeal. He raises three assignments of error:

I

{¶ 10} "THE TRIAL COURT DENIED THE DEFENDANT-APPELLANT DUE PROCESS DURING THE PROCEEDINGS BELOW."

II

{¶ 11} "THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL HEREIN."

III

{¶ 12} "THE CONVICTION OF THE DEFENDANT-APPELLANT WAS OBTAINED WITHOUT SUFFICIENT EVIDENCE BEING PRESENTED TO ESTABLISH EACH AND EVERY ELEMENT OF THE OFFENSE IN QUESTION."

I

{¶ 1}   In his first assignment of error, Hinty argues he was denied due process when his counsel and the state entered into stipulations regarding elements of the charged offense when he was not present in the courtroom. We disagree.

{¶ 2}   In *State v. Wallace*, Richland App. No.2002CA0072, 2003-Ohio-4119, ¶ 14, this court set forth the law regarding this issue as follows:

"A defendant has a fundamental right to be present at all critical stages of his criminal trial. *State v. Hill*, 73 Ohio St.3d 433, 444, 1995-Ohio-287, 653 N.E.2d 271, citing, Crim.R. 43(A) and Section 10, Article I, Ohio Constitution. The United States Supreme Court has stated that an accused is guaranteed the right to be present at all stages of a criminal proceeding that are critical to its outcome when

his or her absence may frustrate the fairness of the proceedings. *Kentucky v. Stincer* (1987), 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631. This right is embodied in Crim.R. 43(A). Criminal Rule 43(A) provides that, 'the defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, * * *.' "

{¶ 3} Errors of constitutional dimension, however, do not automatically trigger prejudicial error. *State v. Williams*, 6 Ohio St.3d 281, 286, 452 N.E.2d 1323 (1983). Rather, "error[s] of [a] constitutional stature, either state or federal" are deemed nonprejudicial if they are " 'harmless beyond a reasonable doubt.' " *Id.*, quoting *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824 (1967) and citing *State v. Abrams*, 39 Ohio St.2d 53, 313 N.E.2d 823 (1974), paragraph two of the syllabus. "Particularly, as regards a defendant's constitutional right to be present at all stages of his trial, prejudicial error exists only where 'a fair and just hearing * * * [is] thwarted by his absence.' " *Id.*, quoting *Snyder v. Massachusetts*, 291 U.S. 97, 108, 54 S.Ct. 330 (1934) and citing *United States v. Brown*, 571 F.2d 980 (6th Cir.1978).

{¶ 4} Before trial began in this matter, the following exchange took place:

The Court: This matter is State of Ohio vs. Michael Hinty. It's Case No. 18CRB957. The Defendant, Mr. Hinty, is not present in the courtroom, but it's my understanding before we begin trial in this

matter, that the parties were agreeing to some stipulations. Is that correct, gentlemen?

[Counsel for Hinty]: Yes, Your Honor.

[Counsel for the state]: That is correct, Your Honor. Just for clarity for the record * * * we did speak at length in chambers. The State has nine witnesses today and would be able to cut a significant amount of testimony out today if Defendant were to agree to stipulate to particular elements.

The State intends to show that * * * Defendant had sexual contact with someone not the spouse of him and that he knows that the person he had contact with, that person's ability to apprise the nature or control the Defendant's touching was substantially impaired. So based on my understanding, we would be entering into a stipulation that the offender knew that the victim in this case, her ability to apprise the nature of his actions was, in fact, substantially impaired, and that she is also not his spouse.

The Court: All right. And is that acceptable to the defense, Mr. Ort?

[Counsel for Hinty]: Yes, Your Honor. I've discussed it with my client. He is aware and he would stipulate. He was the long-time boyfriend so he was aware of the child's disabilities.

T. 5-6.

{¶ 5}   While stipulations to elements of a charged offense are certainly critical to the outcome of a criminal matter, we find no error in this particular instance. First, counsel for Hinty indicated that he had discussed the stipulations with Hinty, and that Hinty was in agreement with the same. Hinty does not dispute that representation on appeal.

{¶ 6}   Second, even if that were not true, during trial the state produced evidence of the very things that were stipulated to. Maureen Kemper and Detective Sinewe's testimony both testified that Hinty was aware of A.C's disabilities, establishing he took the child to counseling sessions, attended her Individualized Education Plan meetings, and reported to Detective Sinewe that A.C. is "autistic." T. 11-12, 27, 48. Sinewe further established that Hinty is not A.C.'s spouse, but rather a father figure. T. 48

{¶ 7}   Because the state produced evidence of the stipulated matters, we find any error in Hinty's absence from the courtroom during stipulations did not thwart a fair hearing and is harmless beyond a reasonable doubt.

{¶ 8}   The first assignment of error is overruled.

II

{¶ 9}   In his second assignment of error, Hinty argues his trial counsel rendered ineffective assistance. We disagree.

{¶ 10} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the

result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

{¶ 11} Hinty argues his trial counsel failed to object to inadmissible and prejudicial evidence presented by the state including other complaints related to Hinty's interaction with A.C., other reports filed with Child Protective Services, testimony regarding a bruise found on A.C.'s thigh, and details of Hinty's prior conviction for domestic violence.

{¶ 12} While this testimony may have been objectionable, this matter was tried to the court. When a matter is submitted to the bench, we must presume the trial court considered only relevant, competent and admissible evidence in its deliberations. This assumption may only be overcome by an affirmative showing to the contrary by an appellant. *State v. Jeffries*, 8th Dist. Cuyahoga No. 106889, 2018-Ohio-5039, ¶ 15 citing *State v. Wiles*, 59 Ohio St.3d 71, 86, 571 N.E.2d 97 (1991); *State v. Montgomery*, 10th Dist. Franklin No. 13AP-512, 2014-Ohio-4354, ¶ 20; *State v. Rowe*, 2nd Dist. Montgomery No. 25993, 2014-Ohio-3265, ¶ 45; *State v. Pearson*, 10th Dist. Franklin Nos. 14AP-793 and 14AP-816, 2015-Ohio-3974, ¶ 13. That being the case, we find neither fault in Hinty's representation, nor prejudice.

{¶ 13} The second assignment of error is overruled.

III

{¶ 14} In his final assignment of error, Hinty argues his conviction is not supported by sufficient evidence. We disagree.

{¶ 15} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶ 16} Here, Hinty was charged with a violation of R.C. 2907.06(A)(2). This section required the state to prove Hinty had sexual contact with A.C., who is not his spouse, when Hinty knew A.C.'s ability to appraise the nature of, or control Hinty's conduct was substantially impaired.

{¶ 17} Sexual contact is defined by R.C. 2907.01(B) as the touching of the erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

{¶ 18} Hinty argues the state failed to prove his actions were carried out for the purpose of sexual gratification, as it relied wholly on the circumstantial evidence of his act of turning towards the wall and putting his hands to his crotch to satisfy this element. Circumstantial evidence however, is to be given the same weight and deference as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).

{¶ 19} Further, there is no requirement the state present direct testimony regarding sexual arousal or gratification. *State v. Astley*, 36 Ohio App.3d 247, 523 N.E.2d 322 (10th Dist. Franklin 1987); *State v. Cobb*, 81 Ohio App.3d 179, 610 N.E.2d 1009 (9th Dist.

Lorain 1991); *In Re Anderson*, 116 Ohio App.3d 441, 688 N.E.2d 545 (Twelfth Dist. Clermont 1996); *State v. Brady*, 5th Dist. Stark No. 2000CA00223, 2001 WL 815574 (July 9, 2001). In the absence of direct testimony regarding sexual arousal or gratification, the trier of fact may infer the defendant was motivated by desires for sexual arousal or gratification from the "type, nature and circumstances of the contact, along with the personality of the defendant." *Cobb*, supra.

{¶ 20} The trial court as the trier of fact viewed the video of the incident, listened to Hinty's interview with Detective Sinewe, and came to the conclusion that Hinty's behavior was carried out for the purpose of sexually gratifying himself or A.C. We find this judgment is not against the sufficiency of the evidence and overrule Hinty's final assignment of error.

{¶ 21} The judgment of the Lancaster Municipal Court is affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Baldwin, J. concur.

EEW/rw