[Cite as *Hall v. Dasher*, 2022-Ohio-1735.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| MARY S. HALL, INDIVIDUALLY AND | : | Hon. Earle E. Wise, P.J. |
| AS CO-TRUSTEE OF HALL LIVING | : | Hon. W. Scott Gwin, J. |
| TRUST, ET AL | : | Hon. Wiliam B. Hoffman, J. |
|  | : |  |
| Plaintiffs-Appellees | : |  |
|  | : | Case No. 2021CA00111 |
| -vs- | : |  |
|  | : |  |
| CAROLEE DASHER | : | OPINION |
|  |  |  |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:    Civil appeal from the Stark County Court of
Common Pleas, Case No. 2020CV00725

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    May 24, 2022

APPEARANCES:

For Plaintiffs-Appellees                    For Defendant-Appellant

DEAN A. YOUNG                          WARNER MENDENHALL
507 Canton Road                         190 North Union Street, Ste. 201
Akron, OH 44312                         Akron, OH 44304

*Gwin, J.*

{¶1} Appellant Carolee Dasher appeals the judgment entry of the Stark County Court of Common Pleas awarding appellees Mary and Robin Hall a prescriptive easement over appellant's property, and awarding the Halls' adverse possession of a narrow strip of appellant's easternmost property.

*Facts & Procedural History*

{¶2} Appellees own three parcels of real estate located in Lake Township. They are known as Tax Parcel #2201353 (addressed at 3662 Edison Street NW), Tax Parcel #2200247 (located to the south of 3662 Edison Street NW and north of 12981 Millview Avenue NW), and Tax Parcel #2200395 (addressed at 12981 Millview Avenue NW). Appellees purchased Parcel #2200395 in 1979, and constructed a garage on that property in 1990. Appellees purchased Parcel #2200247 in 1986; they constructed a garage on that property in 1996. Appellees purchased Parcel #2201353 at sheriff's sale in 2018. The property had previously been owned by Thomas Kiss ("Kiss"), who purchased the property in 1972, and constructed a driveway in 1975. There is an asphalt drive ("Spring Avenue") that runs across a portion of appellant's property adjacent to its eastern boundary and extending south from Edison Street to connect with properties located to the north. Appellees have used Spring Avenue to access their properties since purchasing them.

{¶3} Appellant is the owner of the real property known as Tax Parcel #2200885, with the address of 3960 Edison Street NW. She moved into the property on October 30, 2017. At the time appellant purchased her property, she believed Spring Avenue was a dedicated roadway. When she moved in, Spring Avenue was marked by a street sign, a

stop sign, and a "no outlet" sign. The signs were removed sometime after October 30, 2017. Shortly after purchasing her property, appellant contacted Lake Township to request maintenance on Spring Avenue. Lake Township officials advised appellant that Spring Avenue was not a township road.

{¶4} On November 30, 2019, appellant contacted the Uniontown Police Department to report trespassing based upon appellees' use of Spring Avenue. The officer declined to arrest appellees and advised appellant to file a written report. Based upon the officer's refusal to arrest appellees, appellant filed a complaint against the officer. Appellant's complaint was determined to be unfounded, and no further action was taken. Appellant again contacted the police in 2020 to have appellees arrested for trespass due to the use of Spring Avenue.

{¶5} Appellant filed a document with the Stark County Recorder on January 13, 2020, purporting to redefine the Spring Avenue right-of-way to exclude appellees and others from its use. Appellant also publicly declared her intent to construct a fence to limit appellees' use of Spring Avenue.

{¶6} On April 24, 2020, appellees filed a complaint against appellant for declaratory judgment and injunctive relief. Appellees averred they, along with members of the general public, have used a portion of appellant's property, measuring 240' in length and 16' in width, running along the entire east boundary line of appellant's parcel, for travel by motor vehicles and foot traffic, in an open and continuous way for a period in excess of 21 years.

{¶7} Appellant filed an answer and counterclaims for quiet title and trespass on June 4, 2020. Appellees filed an answer to appellant's counterclaims on June 29, 2020.

Michael Aube ("Aube") filed a motion to intervene on November 6, 2020, which the trial court granted. Aube filed his complaint on December 14, 2020.

{¶8} Appellees filed a motion for summary judgment on their complaint on April 26, 2021. Appellees attached numerous affidavits and exhibits to their motion. Appellant filed a motion for partial summary judgment, as to her trespass claims, on May 5, 2021. Appellees filed a supplement to their motion for summary judgment, and simultaneously filed a motion to amend their complaint to include an adverse possession claim with regards to the land between the eastern line of the prescriptive easement and appellant's eastern boundary line. The parties each filed responses and replies to the motions.

{¶9} In their motion, appellees submitted numerous affidavits of neighbors, stating appellees have used Spring Avenue to access their properties since moving in, and that others have used Spring Avenue in the same manner for 41 years. Appellees also included multiple other exhibits, including a March 1995 certified copy of a Lake Township map that lists "Spring Avenue," but has an asterisk by it. The map legend provides this asterisk "indicates private streets."

{¶10} Appellees also attached to their motion a certified copy of a complaint and judgment entry from the Stark County Common Pleas Court in 1970. *Butler v. Imhoff*, Stark C.P. No. 114383 (Aug. 17, 1970). In the complaint filed on April 13, 1970, the plaintiffs (eight property owners of properties surrounding appellees' properties), alleged that William Imhoff, the predecessor-in-interest to appellant's property, erected barriers over the alleyway extending from Edison Street N.W. southwardly approximately 816 feet in the form of metal poles, wooden poles, and signs. On August 12, 1970, the trial court issued a judgment entry in the case. The trial court found the plaintiffs had an easement

by prescription for roadway purposes over the property owned by William Imhoff. The easement covers the same location at issue in this case. The court then stated the roadway was a private road and ordered the plaintiffs to erect a permanent sign at the entrance to the alleyway stating "Private Drive – Residents Only." Further, "said sign shall be permanent in nature and portray such words in a clear and legible manner, so that the same are capable of notice and apparent to persons entering said roadway from the public thoroughfare known as Edison Street (Route 619)." Additionally, the trial court ordered William Imhoff not to interfere with the "Private Drive" sign.

{¶11} Appellant submitted an affidavit in support of her summary judgment motion and in response to appellees' motion. She also submitted records maintained by township and county officials. "Spring St." is listed on a road inventory sheet in June of 1954. A 2001 Lake Township Road Department form references a pot hole repair on Spring Avenue. Appellant also provided a report (dated January 1, 1954) submitted by Lake Township to the Director of Highways, which included Spring Avenue as part of its inventory and certification of the "actual number of miles of rural Township roads under the statutory jurisdiction which are used by and maintained for the public by the Township Trustees of Lake Township." However, the list of streets attached to the report, including Spring Avenue, states it is a list of "Private Rds."

{¶12} Appellant also submitted an e-mail from 2008, in which an employee from the Stark County Engineer's Office sent a request to the Ohio Department of Transportation to have Spring Avenue removed from its inventory as a public road. The e-mail states, "Lake Township has a street that has been maintained under the assumption that it was a public street. Once they found out it was a private street they

ceased maintenance for legal purposes.  The Trustees, along with myself, would like to [sic] request that the street be removed from the inventory as a public street * * *."  The e-mail did not request that Spring Avenue be vacated or abandoned as a public road.

{¶13}  The trial court issued a judgment entry on August 17, 2021.

{¶14}  With regards to appellees' motion to amend complaint, the trial court granted appellees' motion to include a claim for adverse possession as to the narrow portion of appellant's property between the eastern border of Spring Avenue and the eastern border of appellant's property.

{¶15}  The trial court found there was not a common law dedication of Spring Avenue; rather, the evidence establishes that Lake Township incorrectly assumed it owned Spring Avenue, when it did not.  Further, that any maintenance or inclusion of Spring Avenue as a public road was not the result of an offer and acceptance of Spring Avenue as a common law dedication; rather, the evidence demonstrates that both the maintenance and inclusion of Spring Avenue as a public road was because of a mistake. The court found the affidavit of Thomas Imhoff insufficient to support a finding of common law dedication, as there was no evidence to refute the fact that there was no formal or implied acceptance by Lake Township, and any maintenance done was purely by mistake.

{¶16}  The trial court determined appellees' use of Spring Avenue was done openly, notoriously, continuously, and adverse to appellant for more than the required statutory period of 21 years.  Specifically, the court found appellees use of Spring Avenue has existed since 1979 as to Parcel #2200395, since 1986 as to Parcel #2200247, and since the early 1970's, by way of tacking, as to parcel #2201351.  Thus, the court granted

an easement 240' long and 16' wide.  The easement specifically includes the berm portion of appellant's eastern property.

{¶17}  The trial court denied appellant's motion for partial summary judgment on her trespass claim, and granted appellees' judgment on the trespass claim since an easement exists as to Spring Avenue.

{¶18}  With regards to appellees' adverse possession claim, the trial court found appellees satisfied all of the elements necessary, by clear and convincing evidence, to acquire title by adverse possession to the grass and landscaping area located between the eastern border of the asphalt drive and the eastern border of appellant's property, including, but not limited to, the asphalt apron used to enter the concrete driveway off of Spring Avenue (Parcel #2201353).

{¶19}  The trial court found appellees' use of the subject area was more than mere maintenance of the land, as, in addition to mowing and planting in the subject area, appellees maintain a drainage drywell that was constructed by Kiss and maintain the asphalt apron.  Further, appellees removed debris from the property.  Accordingly, the trial court denied appellant's motion for summary judgment as to trespass on the grass, landscaping, and apron area, and granted appellees' motion for summary judgment.

{¶20}  The trial court ordered appellees to submit a final judgment entry.

{¶21}  Appellees submitted a final judgment entry in accordance with the trial court's August 17th decision.  The trial court signed the judgment entry on September 20, 2021.  The judgment entry includes the metes and bounds description of the prescriptive easement.  Further, the judgment entry permanently enjoins appellant from:  obstructing or interfering with passage of any persons or vehicles for ingress and egress over the

portion of land subject to the easement; placing any structure, device, or fence that would interfere with travel across the portion of land subject to the easement; and obstructing or limiting appellees' access to the established driveway to the property at 3662 Edison Street and to the properties south of appellant.

{¶22} Appellant filed a motion for relief from judgment pursuant to Civil Rule 60(B) on September 22, 2021, arguing she was deprived of her ability to answer or otherwise respond to appellees' amended complaint.  Appellees filed a response on September 28, 2021.

{¶23} On October 5, 2021, the trial court denied appellant's motion for relief from judgment.  The court reasoned that the adverse possession claim was already included in appellees' original complaint.  Further, the facts surrounding the adverse possession claim were fully briefed by the parties.  Thus, there was no surprise or prejudice to appellant.

{¶24} The trial court entered a final judgment entry nunc pro tunc on October 5, 2021 that includes the precise legal description and tax parcel number of intervening plaintiff Aube's property.

{¶25} Appellant appeals the final judgment entry of the Stark County Court of Common Pleas and assigns the following as error:

{¶26} "THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT TO INCLUDE AFFIRMATIVE RELIEF OF ADVERSE POSSESSION AND FAILING TO ALLOW APPELLANT TO ANSWER THE AMENDED COMPLAINT BEFORE GRANTING JUDGMENT ON THE AMENDMENT.

{¶27} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES BY AWARDING THEM A PRESCRIPTIVE EASEMENT.

{¶28} "III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES BY AWARDING THEM RELIEF OF ADVERSE POSSESSION."

I.

{¶29} In her first assignment of error, appellant argues the trial court committed error in granting appellees' motion for leave to amend their complaint to include a claim for adverse possession.

{¶30} Many of the arguments made by appellant as to the granting of the leave to amend came in the form of a Civil Rule 60(B) motion filed after the trial court issued the judgment entry granting the motion to amend. However, appellant states in her brief that she is not appealing the denial of the Civil Rule 60(B) motion.

{¶31} A trial court's determination whether to grant a motion for leave to amend a complaint will not be reversed on appeal absent an abuse of discretion. *Cantleberry v. Holbrook*, 5th Dist. Richland No. 12CA75, 2013-Ohio-2675; *Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120, 573 N.E.2d 622 (1991). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶32} Civil Rule 15 provides leave should be freely given when "justice so requires" and to "amend pleadings to conform to the evidence." *Key Bank Nat'l Assn v. Bolin*, 5th Dist. Stark No. 2010 CA 00285, 2011-Ohio-4532; *Hall v. Bunn*, 11 Ohio St.3d 118, 464 N.E.2d 516 (1984); *Cantleberry v. Holbrook*, 5th Dist. Richland No. 12CA75,

2013-Ohio-2675. Courts have focused on whether there is a showing of bad faith, undue delay, or prejudice to the opposing party. *Turner v. Central Local School Dist.*, 85 Ohio St.3d 95, 706 N.E.2d 1261; *Key Bank Nat'l Assn. v. Bolin*, 5th Dist. Stark No. 2010 CA 00285, 2011-Ohio-4532. Prejudice to an opposing party is the most critical factor to be considered in determining whether to grant leave to amend. *Hoskinson v. Lambert*, 5th Dist. Licking No. 06 CA 037, 2006-Ohio-6940.

{¶33} In this case, there is no indication of bad faith by appellees. Further, there is no evidence the amendment caused undue delay or prejudice to appellant. In her response to appellees' motion for leave to amend, appellant stated she objected to the amendment to the complaint because the trial was scheduled in approximately two months and summary judgment motions had been filed. However, after appellees moved to amend the complaint, the trial court continued the trial court indefinitely and granted appellant an extension of time to respond to appellees' motions.

{¶34} Additionally, the adverse possession claim was fully briefed by both parties. Appellant fully addressed the adverse possession claim in her June 2, 2021 reply. In the reply, appellant argued that, as a matter of law, appellees' claims were insufficient to establish adverse possession. Further, appellant moved for summary judgment on her claims for appellees' alleged trespass on the strip of land consisting of the asphalt drive and the grassy area east of the asphalt drive, and submitted a document showing the true boundary line. Adverse possession was also at issue in the briefing of that motion.

{¶35} Appellant contends the trial court could not properly grant summary judgment when appellant did not have an opportunity to respond to the allegations in the amended complaint. As detailed above, the trial court moved the trial date, and both

parties, including appellant, fully briefed the issue. The parties specifically argued as to whether adverse possession was prohibited as a matter of law. Appellant had sufficient notice of the assertion of the claim so that she was not prejudiced.

{¶36} Finally, the initial pleadings in this case were sufficient for a determination by the trial court. Civil Rule 8(A) requires a "short and plain statement of the claim showing that the party is entitled to relief." In appellees' complaint, they asserted claim to appellant's property running along the entire eastern boundary line and stated the use was adverse to appellant's property rights. In response to appellees' complaint, appellant stated in her counterclaim for quiet title and trespass, that "Plaintiffs' claim entitlement to possession of a portion of Defendant's property as set forth in Plaintiffs' complaint. Defendant seeks an order declaring Plaintiffs' purported claim to be invalid and unenforceable by Plaintiffs and quieting title to Defendant * * * Defendant asks this Court quiet the title to Defendant against the adverse claim made by Plaintiffs." In appellees' answer to the counterclaim, they state, "they claim entitlement to use of a portion of Defendant's property under established principles of law" and that the trespass/quiet title claims are barred by the statute of limitations, which occurred more than 21 years prior to the filing of the counterclaim. *Wagoner v. Obert,* 5th Dist. Fairfield No. 07 CA 31, 2008-Ohio-7041 (adverse possession may be asserted as an affirmative defense to bar the owner of the record title from asserting by reason of the running of a 21-year statute of limitations). Thus, the trial court did not commit error in ruling on the adverse possession claim.

{¶37} Appellant's first assignment of error is overruled.

II.

*Summary Judgment Standard*

**{¶38}** Civil Rule 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**{¶39}** A trial court should not enter summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. Of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A

fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶40} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶41} In her second assignment of error, appellant contends the trial court committed error in granting summary judgment to appellees on their prescriptive easement claim.

{¶42} "Prescription is the acquisition of an easement, over the property of another, through adverse use of that property." *Crawford v. Matthews*, 4th Dist. Scioto No. 97CA2555, 1998 WL 720734 (Sept. 21, 1998). Prescriptive easements are not favored in the law. *Id.*

{¶43} Under Ohio law, in order to obtain a prescriptive easement, a landowner using adjacent property must prove, by clear and convincing evidence, that such use was open, notorious, adverse to the neighbor's property rights, continuous, and in place for at least twenty-one years. *Williams v. Phillips*, 5th Dist. Licking No. 98CA00072, 1999 WL 436813 (June 3, 1999).

{¶44} Appellees submit their own affidavits and numerous affidavits of neighbors stating appellees' use of the roadway was open, notorious, adverse to appellant's rights, continuous, and in place for at least twenty-one years.

**{¶45}** Appellant does not dispute the facts contained in these affidavits, but seeks to combine two separate legal concepts in order to argue the trial court committed error in granting the motion for summary judgment: (1) the prohibition against adverse possession and/or prescription against government property and (2) common law dedication. Appellant contends that because Spring Avenue became property of Lake Township at some point via common law dedication, the period for the alleged adversity is not twenty-one years, as property by a government entity is not subject to claims for either adverse possession or prescription.

**{¶46}** Early Ohio Supreme Court cases allowed adverse possession claims against municipalities. *Lessee of City of Cincinnati v. First Presbyterian Church*, 8 Ohio 298, 1838 WL 5 (Dec. 1, 1838); *Cincinnati v. Evans*, 5 Ohio St. 594, 1855 WL 94 (December 1855).

**{¶47}** However, modern appellate court cases have held the state and political subdivisions are not subject to property loss by adverse possession or prescription, and have limited the holdings in the early Supreme Court cases to instances where there are large and valuable structures built on the city's property. *Nusekabel v. Cincinnati Public School Employees Credit Union, Inc.*, 125 Ohio App.3d 427, 708 N.E.2d 1015 (1st Dist. Hamilton 1997); *1540 Columbus Corp. v. Cuyahoga Cty.*, 68 Ohio App.3d 713, 589 N.E.2d 467 (8th Dist. 1990).

**{¶48}** The rationale is that the same "vigilance" is not expected of a state or political subdivision as is expected of private person to "repel" the invasion of his or her rights. *Houck v. Bd. of Park Commrs. of the Huron Cty. Park Dist.*, 116 Ohio St.3d 148, 2007-Ohio-5586, 876 N.E.2d 1210. While the Ohio Supreme Court has not explicitly ruled

on this issue, it has favorably cited *Nusekabel* and *1540 Columbus* in a case determining that property owned by a park district established pursuant to R.C. Chapter 1545 is not subject to adverse possession. *Id.*

{¶49} The legal theory that adverse possession and/or prescriptive easements cannot be had against the state or a political subdivision has been limited in its application to cases in which the political subdivision or municipality is a party in the case, and has not been extended to cases in which private citizens assert the rights of the state or political subdivision. *Nusekabel v. Cincinnati Public School Employees Credit Union, Inc.*, 125 Ohio App.3d 427, 708 N.E.2d 1015 (1st Dist. Hamilton 1997) (appellant is the City of Cincinnati, who argues their property is not subject to prescriptive easement); *Rising v. Litchfield Board of Township Trustees*, 9th Dist. Medina No. 11CA0079-M, 2012-Ohio-2239 (township argues can't have prescriptive easement against its property); *Neitz v. Village of Lakemore*, 9th Dist. Summit No. 19730, 2000 WL 1796384 (Nov. 15, 2000) (Village of Lakemore is the appellee, arguing can't have prescriptive easement against municipality); *Anderson v. Village of Alger*, 3rd Dist. Hardin No. 6-98-10, 1999 WL 378377 (May 14, 1999) (appellee Village of Alger argues can't have adverse possession on government land); *Bonham v. Hamilton*, 12th Dist. Butler No. CA2006-02-0030, 2007-Ohio-349 (appellee City of Hamilton argued no adverse possession against municipality); *Law v. Lake Metroparks*, 11th Dist. Lake No. 2006-L-072, 2006-Ohio-7010, affirmed 116 Ohio St.3d 322, 2007-Ohio-6749, 878 N.E.2d 1046 (parks district is a political subdivision of the State; thus, its property cannot be taken by adverse possession); *1540 Columbus Corp. v. Cuyahoga Cty*, 68 Ohio App.3d 713, 589 N.E.2d 476 (8th Dist. 1990) (no adverse possession against appellee Cuyahoga County); *City of Bryan v. Killgallon*, 6th Dist.

Williams No. 22551, 1981 WL 5791 (Sept. 25, 1981) (city is appellee; title by adverse possession can't be acquired against a municipal corporation just as it cannot be acquired against a state); *Wyatt v. Ohio Dept. of Transp.*, 87 Ohio App.3d 1, 621 N.E.2d 822 (11th Dist. 1993) (no adverse possession against State of Ohio; State of Ohio is appellee); *City of Cleveland Hts. v. City of Cleveland*, 8th Dist. Cuyahoga No. 79167, 2001 WL 1400015 (Nov. 8, 2001) (properties in question maintained by East Cleveland and Cleveland Heights, so adverse possession cannot be applied against them);  *Wilson v. S. Euclid*, 8th Dist. Cuyahoga No. 103067, 2016-Ohio-3258 (no adverse possession against South Euclid).

{¶50}  However, in this case, appellant, as a private citizen, seeks to enforce the rights of the township, despite the fact the township is not a party in this case.

{¶51}  We seriously question whether the holding that adverse possession and/or prescriptive easements cannot be had against the state or a political subdivision is applicable in a case where the party seeking to utilize this theory is a private citizen, without the state or political subdivision being a party in the case, and when the unrebutted evidence demonstrates any action taken by the township was a mistake. Unlike in the cases cited above, Lake Township is not subject to the loss of any property in this case, as they have stated Spring Avenue is not a public road.  The person subject to the loss by prescription or adverse possession in this case is appellant.

{¶52}  However, even if we move to the second portion of appellant's argument, we find the trial court did not commit error in finding common law dedication inapplicable in this case.

{¶53} Generally, three elements are necessary to constitute a proper and complete common law dedication. *Mastera v. City of Alliance*, 43 Ohio App.3d 120, 539 N.E.2d 1130 (5th Dist. 1987). A common law dedication can be proven upon the showing of the following three elements: (1) the existence of an intention on the part of the owner to make such dedication; (2) an actual offer on the part of the owner, evidenced by some unequivocal act, to make such dedication; and (3) the acceptance of such offer by or on behalf of the public. *Id.*

{¶54} The intention to dedicate may be either express or implied. *Id.* The evidence showing an intent to dedicate must be clear and convincing. *Becker v. Cox*, 12th Dist. Butler No. CA84-04-044, 1985 WL 8688 (June 10, 1985). Both parties agree there is no express dedication in this case. However, appellant argues the affidavit of Thomas Imhoff demonstrates intent to dedicate because Thomas Imhoff "always thought it was a road" and "in the 1970's or 1980's, it was named Spring Avenue. A sign to that effect was put up." Thomas Imhoff is the son of the previous owner of appellant's property, William Imhoff.

{¶55} We find this affidavit is not sufficient to create a genuine issue of material fact due to the Stark County Court of Common Pleas' holding in *Butler v. Imhoff*. The evidence demonstrates the roadway known as Spring Avenue was judicially declared to be a private road in August of 1970. The unrebutted evidence demonstrates William Imhoff did not intend to make a dedication to the public, and did not make an unequivocal act to make a dedication to the public. Rather, he placed poles and signs across the roadway, and sought to protect his rights during litigation.

{¶56} While, "intention to dedicate may be demonstrated by the use of the property by the public, with mere silent acquiescence therein of the owner, for a period sufficient to warrant the inference of an intention to dedicate," William Imhoff did not silently acquiesce to public use; rather, the Stark County Common Pleas Court held there was a prescriptive easement over his land after he attempted to keep the public out, the court ordered the installation of a permanent "Private Drive" sign, and specifically ordered Imhoff not to interfere with the "Private Drive" sign. *Mastera v. City of Alliance*, 43 Ohio App.3d 120, 539 N.E.2d 1130 (5th Dist. 1987). Similarly, the township cannot impliedly accept public dedication of a road that has been judicially declared to be a private road. A determination which would hold that Spring Avenue is or was a public road via common law dedication would ignore the 1970 decision by the court.

{¶57} Acceptance may also be expressed or implied. *Id.* Appellant argues the placement of the street signs and maintenance of the road by the township is sufficient to constitute acceptance because "acceptance can be manifested by improvements to or maintenance of a road" and because acceptance "may result from the continuous use of such property by the public, for a period sufficient to warrant an inference of acceptance." *Id.*

{¶58} Appellant does not dispute that the unrebutted evidence demonstrates the maintenance done by the township was a mistake. However, appellant argues this does not matter in the common law dedication context. Appellant cites *Mastera* in support of her argument that mistaken belief by a political subdivision does not defeat the acceptance element of common law dedication. However, *Mastera* does not discuss mistake with regards to common law dedication. Neither of the parties cite, and this

Court's research has failed to find, any caselaw that deals with the interplay between mistake and common law dedication, and their potential application in the prescription and adverse possession context.

{¶59} Additionally, with regards to the relationship between the legal concepts of common law dedication and adverse possession or prescription, the "continuous" element (which appellant contends is defeated by the alleged common law dedication), focuses on the acts of the owner (appellant) and the adverse user (appellees). Ohio law is clear that continuous use is "use that is neither interrupted by the acts of the owner nor abandoned by the adverse user" through the 21-year statute of limitations. *Miller Land Co. v. McCaleb*, 4th Dist. Scioto No. 19CA898, 2020-Ohio-79. In this case, even if the township mistakenly put up a sign and performed some maintenance on Spring Avenue, neither the acts of the owner (William Imhoff or appellant) nor any abandonment by appellees occurred through the 21-year statute of limitations.

{¶60} In the cases in this district analyzing whether there is common law dedication of a public road, the state or political subdivision is a party to the case. *Mastera v. City of Alliance*, 43 Ohio App.3d 120, 539 N.E.2d 1130 (5th Dist. 1987) (city is the defendant in the case); *Williams v. Morgan County*, 5th Dist. Morgan No. 00 CA 11, 2001 WL 1773873 (June 13, 2001) (plaintiff sued township, arguing a road was dedicated by common law); *Ickes v. Lawrence Township*, 161 Ohio App.3d 711, 2005-Ohio-3195, 831 N.E.2d 1068 (plaintiff filed suit against the township seeking determination whether roadway was a public roadway); *Westerville v. Subject Property, Etc.*, 5th Dist. Delaware No. 08-CAE-03-0007, 2008-Ohio-4521 (City of Westerville is plaintiff arguing common law dedication); *Landmark, Inc. v. Bd. of Stark Cty. Commrs.*, 5th Dist. Stark No. CA-

4683, 1978 WL 217465 (Feb. 1, 1978) (trial court found common law dedication of 20-foot strip of county road); *Welch v. Conrail, Inc.*, 5th Dist. Stark No. 7420, 1988 WL 82167 (Aug. 1, 1988) (City of Massillon is a defendant).   See also other districts, *Becker v. Cox*, 12th Dist. Butler No. CA84-04-044, 1985 WL 8688 (party Ross Twp. Trustees argued against common law dedication); *Snyder v. Monroe Twp. Trustees*, 110 Ohio App.3d 443, 674 N.E.2d 741 (2nd Dist. 1996) (political subdivision is defendant/appellee who argued there was a common law dedication of easement over the plaintiff's property to reach the park); *State ex rel. Fitzthum v. Turinsky*, 172 Ohio St. 148, 174 N.E.2d 240 (1961) (writ of mandamus against township trustees to require the township to repair and maintain a road).

{¶61}  Appellant seeks to expand the theory of common law public dedication to a situation in which the state or political subdivision is not a party in the case, and where the undisputed evidence is that any maintenance done by the political subdivision was a mistake.  We decline to so in this case because: (1) there is unrebutted evidence that any maintenance done by the township was a mistake and (2) there was a specific judicial determination in 1970 that the roadway known as Spring Avenue is a private road.

*Adversity*

{¶62}  Appellant argues even if the doctrine of common law dedication does not apply in this case, appellees still cannot meet all the elements of a prescriptive easement and adverse possession because there is no adversity.  Appellant contends since appellees believed the road was a public road, they lacked the adversity needed to produce a prescriptive easement or adverse possession because they believed they were using it with permission.

{¶63} A use is "adverse" when it is without the permission of, and is inconsistent with the rights of, the property owner. *Crawford v. Matthews*, 4th Dist. Scioto No. 97CA2555, 1998 WL 720734 (Sept. 21, 1998), citing 4 Tiffany, Real Property 804-805 (3 Ed. 1975) (when wrongful possession was taken under the impression the land belonged to the government, the statute of limitations for adverse possession runs because the possession is adverse to the rightful owner, who is not excused from asserting his rights). "It is not necessary that there be a heated controversy, a manifestation of ill will, or enemy between the parties." *Id.* "When one uses a way over the land of another without permission as a way incident to his own land, and continues to do with the knowledge of the owner, such use is, of itself, adverse." *Pavey v. Vance*, 56 Ohio St. 162, 46 N.E. 898 (1897). Any use of the land inconsistent with the rights of the titleholder is adverse or hostile. *Kimball v. Anderson*, 125 Ohio St. 241, 181 N.E. 17 (1932).

{¶64} The case appellant cites in support of her argument is from the Fourth District, *Vance v. Roa,* 4th Dist. Lawrence No. 99 CA 23, 2000 WL 1283075 (Sept. 7, 2000), and stated the subjective belief of the appellants that the road was a public roadway negates the suggestion that the use was adverse. This conflicts with the Fourth District's holding in *Crawford*, which provides that subjective belief that someone is using the property permissibility is "of no consequence." *Crawford v. Matthews*, 4th Dist. Scioto No. 97CA2555, 1998 WL 720734 (Sept. 21, 1998). Further, in *Vance*, the Fourth District did not actually decide this issue, as the appellants in the case both testified they had no evidence to establish their use of the roadway was adverse because the prior owner of the property in question had given keys to neighbors to unlock the fence over the road, and their use of the road was infrequent. As this Court has previously stated, ""Ohio law

does not require proof of subjective purpose in a claim of adverse possession." *Arnholt v. Carlisle*, 5th Dist. Licking No. 10CA91, 2011-Ohio-2948; *Nixon v. Parker*, 5th Dist. Licking No. 04 CA 84, 2005-Ohio-2375; see also *Evanich v. Bridge*, 119 Ohio St.3d 260, 2008-Ohio-3820, 893 N.E.2d 481 (in claim for adverse possession, the intent to possess another's property is objective rather than subjective).

**{¶65}** Dasher's affidavit provides that, during her entire ownership of the property, appellees have entered onto her property (both the asphalt drive and area east of the asphalt drive) "without [her] authority." Mary Hall confirmed they never asked permission to cross appellant's lot, and, in 2019 and 2020, appellant called the Uniontown Police and wanted the police to bring criminal trespass charges against appellees due to their use of Spring Avenue. Dasher told the police this was going on years before she purchased the property. Mary Kiss stated that Tom Kiss never asked permission to use the Spring Avenue right-of-way to get to the northern parcel.

**{¶66}** The statutory 21-year period begins to run from the time the possessor enters the property and achieves actual possession. *Id.* The unrebutted evidence in this case shows appellees began using the roadway and berm on a continuous basis since 1979 or 1986, and Kiss used the roadway and berm on a continuous and uninterrupted basis since 1975. Appellees' and Kiss' use of the property was adverse to appellant and her predecessor in title, even if appellees believed they were using the property permissively.

*Continuous Use of the Northern Parcel*

**{¶67}** Appellant also argues, specifically in regards to the northern property, appellees cannot establish the continuous use requirement. Appellant contends

appellees cannot utilize tacking in order to achieve the required 21-year period as to the northern parcel previously owned by Kiss. Appellant advance two arguments in this regard: first, appellees cannot utilize tacking because purchasers of a tax foreclosure title are not in privity with the prior owners; second, since the residence located on the northern parcel burned down in 2016, Kiss and/or appellees could not use the easement in the "same and similar manner" as he previously did.

{¶68} It is well-established that in seeking to establish the necessary period for a prescriptive easement or adverse possession, a party may add or "tack" his own term of adverse use to any period of adverse use by a prior succeeding owner in privity with the current owner. *Zipf v. Dalgarn*, 114 Ohio St. 291, 151 N.E. 174 (1926). In order to tack, it must be established that "(a) the party and her predecessor are in privity; (b) the property was sequentially and continuously used; (c) the property was used in the same or similar manner; and (d) the use was open, notorious, and adverse to the title holder's interest." *Williams v. Phillips*, 5th Dist. Licking No. 98CA00072, 1999 WL 436813 (June 3, 1999), quoting *McNeely v. Langan*, 22 Ohio St. 21 (1871). Privity has been defined as "the mutual or successive relationship to the same rights of property." *Id.*

{¶69} With regards to appellant's argument about lack of privity due to a sheriff's sale, a plaintiff who takes title through a sheriff's deed upon foreclosure sale is in privity with its predecessors in title. *Berardi v. Ohio Turnpike Comm.*, 1 Ohio App.2d 365, 205 N.E.2d 23 (8th Dist. Cuyahoga 1965). This is because at no time in a foreclosure sale does title vest in the sheriff; rather, the title remains with the original owner until vested directly in the purchaser through the sheriff sale. *Id.* In this case, appellees were the

bidders at a sheriff's sale, which was confirmed. The property was never forfeited to the state. Accordingly, the tacking was not broken.

**{¶70}** As to appellant's argument regarding whether post-fire the easement was used in the "same and similar manner" as it previously was, the issue is whether there was a substantial change in the mode of use. "The acts of the prescriptive claimant do not need to be daily or constant; rather, occasional use that will 'fairly indicate an uninterrupted use' to the true owner will suffice." *Miller Land Co. v. McCaleb,* 4th Dist. Scioto No. 19CA898, 2020-Ohio-79.

**{¶71}** The unrefuted affidavits submitted by appellees demonstrate Kiss used the paved portion of the easement and the asphalt apron in the same manner as appellees. John Lauby stated Kiss used the paved and asphalt portion of the road to access the driveway for the northern parcel. Kathryn Heisler stated Kiss used the alley to access his driveway, and that since appellees acquired the property in 2018, they have continued to use it in that manner. Thomas Imhoff averred Kiss always accessed his driveway from the road and appellees have continued to use the driveway in the same way Kiss did. Mary Kiss stated her brother established the driveway on his property in 1975, and from that time on, he used the Spring Avenue right-of-way to get to Edison Street.

**{¶72}** In this case, the unrebutted evidence demonstrates there was not a substantial change in the mode of the use of the paved portion of the road and/or the asphalt apron by Kiss and/or appellees. The purpose for which the paved portion and asphalt portion was used has consistently been for ingress and egress to the northern parcel. There is still a garage located on the northern parcel. Therefore, we agree with the trial court that the unrebutted facts establish there has been no substantial change in

the mode or character of use. *Harris v. Dayton Power & Light Co.,* 2nd Dist. Montgomery No. 26796, 2016-Ohio-517.

{¶73} Finally, specifically as to appellees' prescriptive easement claim, the unrebutted evidence demonstrates Kiss utilized the easement for 21-years prior to the sale of the property in 2018. The affidavit of Thomas Imhoff states Kiss had a driveway that was "always" accessed via the Spring Avenue easement. Mary Kiss stated her brother established the driveway in 1975 and, subsequent to that date, he adversely used the Spring right-of-way to access to get in and out of his driveway. Accordingly, the requisite time period for a prescriptive easement had already been achieved and the easement matured by the time appellees purchased the property.

{¶74} Appellant's second assignment of error is overruled.

III.

{¶75} In order to acquire title by adverse possession, a party most prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years. *Grace v. Koch*, 81 Ohio St.3d 577, 692 N.E.2d 1009 (1998). The elements of adverse possession are stringent because a successful action "results in a legal titleholder forfeiting ownership to an adverse holder without compensation." *Id.* Failure of proof as to any of the elements results in the failure to acquire title by adverse possession. *Pennsylvania R. Co v. Donovan*, 111 Ohio St. 341, 145 N.E. 479 (1924).

{¶76} The element that distinguishes adverse possession from a prescriptive easement is exclusive use. *Nusekabel v. Cincinnati Public School Employees Credit Union, Inc.*, 125 Ohio App.3d 427, 708 N.E.2d 1015 (1st Dist. Hamilton 1997). While

exclusive use is not an element required to establish a prescriptive easement, it is an element required to establish adverse possession.  *Id.*

{¶77}  Many of appellant's arguments as to adverse possession are the same as the arguments she advanced in opposition to a prescriptive easement.  To the extent the arguments are the same and we have reviewed them above, we find appellant's arguments to be not well-taken.

{¶78}  However, appellant also makes several additional arguments specific to the adverse possession claim.

{¶79}  Appellant contends the affidavits by the neighbors attached to appellees' motion for summary judgment demonstrate appellees' use was not exclusive to them because other neighbors walked or drove over the disputed strip of land.

{¶80}  However, as this Court has previously stated, in order for use to be considered exclusive and continuous:

[u]se of the property does not have to be exclusive of all individuals.  Rather, it must be exclusive of the true owner entering onto the land and asserting his right to possession.  It must also be exclusive of third persons entering the land under their own claim of title, or claiming to have permission to be on the premises from the true title holder.  If the title holder enters onto the land without asserting, by word or act, any right of ownership or possession, his presence on the land does not amount to an actual possession, and the possession may properly be attributed to the party who is on the land exercising or claiming exclusive control thereof.  It is not necessary that all persons be excluded from entering upon and using the premises.

{¶81} *Welch v. Marlow*, 5th Dist. Morgan No. 08 CA 8, 2009-Ohio-6145, citing 4 Tiffany, Real Property (1975) 736, Section 1141; *Franklin v. Massillon Homes II, LLC*, 184 Ohio App.3d 455, 2009-Ohio-5487, 921 N.E.2d 314.

{¶82} Thus, a showing of exclusivity does not require a finding that no one other than appellees and Kiss entered onto the disputed strip of land. The fact that other neighbors traversed the strip of land does not defeat the element of exclusivity. Appellant did not assert her right to possession of the disputed strip until 2019. However, by that time, the 21-year period had already elapsed.

{¶83} Further, appellant contends appellees' use of the strip of land at issue is not legally sufficient for a finding of adverse possession. Appellant offers no evidence to dispute appellees' assertions that they have maintained the asphalt apron, maintained the drywell, and performed various other activities on the strip of land. However, appellant contends these activities are not sufficient, pursuant to established law, to establish adverse possession, as these activities consist of the "mere maintenance of land," which is insufficient to establish adverse possession.

{¶84} This Court has previously held that, "mere maintenance of land, such as mowing grass, cutting weeds, planting a few seedlings, and minor landscaping, is generally not sufficient to constitute adverse possession." *Robinson v. Armstrong*, 5th Dist. Guernsey No. 03 CA 12, 2004-Ohio-1463. However, "although lawn maintenance alone is not sufficiently open and notorious to establish adverse possession, such activity is relevant evidence of open and notorious use, and when combined with other activities under the proper circumstances, it may help to establish an adverse possession."

*Franklin V. Massillon Homes II, LLC*, 184 Ohio App.3d 455, 2009-Ohio-5487, 921 N.E.2d 314 (5th Dist. Stark).

{¶85} We find the trial court did not commit error in finding the unrebutted evidence demonstrates appellees' and Kiss' use was more than mere maintenance or minor landscaping of land. Appellees have maintained the drywell and asphalt apron. Kiss hauled in building and construction materials like concrete, stone, and brick onto the disputed strip of land. These materials filled the area between the garage and the pavement. Appellees did mow the grass, plant grass, and do other landscaping tasks, but they did additional tasks as well. Appellees rented a Bob Cat to haul in dirt to fill in ruts and grade and level the strip of land. Appellees also cleared numerous piles of salvage that were on the strip of land, and had to bring in trucks to haul the salvage. The items they hauled out via truck primarily consisted of construction materials like concrete stone and brick.

{¶86} Further, several courts in Ohio have held that a party acquires title by adverse possession by erecting a permanent structure on the land, including cement or asphalt driveways. *Veri v. Daley*, 8th Dist. Cuyahoga No. 41722, 1980 WL 355194 (Oct. 9, 1980); *Marcum v. Ellis*, 6th Dist. Huron No. H-19-008, 2020-Ohio-2763 (building a permanent structure on another's land without permission is sufficient to constitute adverse possession after 21 years); *Rader v. Brock*, 12th Dist. Preble No. CA97-03-007, 1997 WL 632843 (Oct. 13, 1997) (permanent structure sufficient for adverse possession after 21 years). Here, Kiss installed a permanent drainage drywell, as well as a permanent asphalt apron, which both remain on the disputed strip of land.

{¶87} Appellant's third assignment of error is overruled.

{¶88} Based on the foregoing, the judgment entry of the Stark County Court of Common Pleas is affirmed.

By Gwin, J.,

Wise, Earle E., J., and

Hoffman, J., concur

[Cite as *Hall v. Dasher*, 2022-Ohio-1735.]